## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AXIS CONSTRUCTION CORP.  : CIVIL ACTION
                 Plaintiff    :
        v.               :
                       :
LANDMARK BUILDING SYSTEMS,  :
INC. and                 :
DOUGLAS GEORGE       : NO. 02-cv-3017
              Defendants  :
and                   :
JOHN J. DELANEY, JR., ESQUIRE and:
FRANCIS X. CLARK, ESQUIRE   :
        Nominal Defendants  : JURY TRIAL DEMANDED

### ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANTS, LANDMARK BUILDING SYSTEMS, INC. AND DOUGLAS GEORGE

Defendants, Landmark Building Systems, Inc. ("Landmark") and Douglas George ("George"), by their undersigned attorney presents their Answer, Affirmative Defenses and Counterclaim to the Complaint of Plaintiff, Axis Construction Corp. ("Axis") as follows:

      1.     Admitted.

      2.     Admitted

      3.     Identity of Nominal Defendant admitted.  The remaining averments of Paragraph 3 are denied.

      4.     Identity of Nominal Defendant admitted.  The remaining averments of

Paragraph 4 are denied.

5.    Diversity jurisdiction in this Court is admitted.  Liability on claims alleged in Plaintiff's Complaint is denied.

6.    Venue in this Court is admitted.

7.    Admitted, upon information and belief.

8.    It is admitted that Axis entered into a subcontract with Landmark to supply buildings for the Plainedge Schools Project based upon Landmark's proposal dated July 11, 2001.  The remaining averments of Paragraph 8 are denied.

9.    Admitted.

10.    It is admitted that the parties agreed to a two week schedule for progress payments for a 1% reduction in Landmark's price, which schedule Axis failed to meet. The remaining averments of Paragraph 10 are denied.

11.    It is admitted that Landmark submitted payment applications to Axis for its work on the Plainedge Schools Project.  Said payment applications are documents in writing which speak, in their entirety, for themselves.  It is further averred that any certifications set forth in those payment applications concern payments of amounts due and owing to Landmark's subcontractors at that time.

12.    Admitted.

13.    It is admitted that Landmark submitted written waivers of liens to Axis. Said waivers of liens are documents in writing which speak, in their entirety, for

2

themselves.  It is further averred that any certification set forth in said lien waiver concern payments due and owing to Landmark subcontractors at that time.

14.    Admitted.

15.    Denied.  On the contrary, the adjusted contract balance on Landmark's subcontract with Axis on the Plainedge Schools Project was $239,469.30 as of the end of November, 2001.  At that time, Axis was also in default on its obligation to release payment in excess of $110,000.00 owed to Landmark on two previous subcontracts for the Yonkers School and Winthorp Projects.  The remaining averments of Paragraph 15 are denied.

16.    Denied.  In December, 2001, as a result of Axis' default on two prior subcontracts it held with Landmark, Landmark asserted its right to adequate assurances of Axis' performance on the Plainedge Schools Project under Article 2-609 of the Uniform Commercial Code by demanding payment upon delivery of the first and last buildings for the Plainedge Schools Project and escrow of the balance of its subcontract for completion and delivery of closeout documents which resulted in the Settlement and Escrow letter agreement of December 18, 2001 ("Settlement and Escrow Agreement") which is attached as Exhibit "C" to Axis' Complaint in this matter.  The remaining averments of Paragraph 16 are denied.

17.    Denied.  On the contrary, as of early December, 2001, Axis was well aware of disputes between Landmark and two of its subcontractors for failure to make timely

and proper delivery of doors and windows for the Plainedge Schools Project and, in fact,

Axis was planning to backcharge Landmark for delays and corrective work for those

items, which backcharge information was never provided to Landmark until after this suit was filed.  The remaining averments of Paragraph 17 are denied.

18.    It is admitted the parties entered into the Settlement and Escrow Agreement as of December 18, 2001.  The remaining averments of Paragraph 18 are denied.

19.    Denied.  Said Letter Agreement is a document in writing which speaks, in its entirety, for itself.  It is further averred that under the terms of that Settlement and Escrow Agreement, the waivers of lien which Landmark was to furnish for the Plainedge Schools Project for only "for plumbing, HVAC, roofing materials, and steel, certifying payment in full," which waivers were in fact provided to Axis.

20.    Denied.  Said Settlement and Escrow Agreement is a document in writing which speaks, in its entirety, for itself.  It is further averred that Axis claimed it had a right to withhold money on the Yonkers Project pending replacement of HVAC units under the owner's warranty claim against the manufacturer of those units, which Landmark agreed in the Settlement and Escrow Agreement could be held until that manufacturer completed replacement of the units.

21.    It is admitted that Landmark provided Axis with waivers of liens, which are documents in writing which speak, in their entirety, for themselves.  It is further averred that any certification set forth in those lien waivers concern payments which were due and owing to Landmark's subcontractors at the time the waivers were executed by Landmark.  The remaining averments of Paragraph 21 are denied.

22.    It is admitted that Axis entered into the settlement and escrow agreement, released the sum of $120,000.00 upon delivery of buildings for the Plainedge Schools Project and placed $150,000.00 in a joint escrow account pending punch list and closeout of the Plainedge Schools Project and replacement of the HVAC units for the Yonkers project.  The remaining averments of Paragraph 22 are denied.

23.    Denied.  On the contrary, Axis was well aware of disputes between Landmark and its door and window suppliers before it even entered into the Settlement and Escrow Agreement and, in fact, did not furnish Landmark with breakdowns or certified payroll information for any backcharges to be assessed against those subcontractors of Landmark until after this suit was filed.

24.    Denied.  On the contrary, Axis has withheld money on Landmark's subcontract because of disputes with Landmark's HVAC subcontractor on the Yonkers Project and was aware that Landmark had likewise withheld money from said subcontractor before the Settlement and Escrow Agreement was entered into.

25.    Denied.

26.    Denied.

27.    It is admitted that Landmark demanded payment of $40,000.00 following substantial completion of its work on the Schwarting school building as was confirmed by Axis' superintendent for that project.  To date, there are no outstanding punch list items for Landmark for the Schwarting school building such that Axis has violated its

obligations under the Settlement and Escrow Agreement by refusing to authorize release of those funds.

28.    It is admitted that Axis has performed work to correct doors and windows on the Schwarting school building for which it has claimed backcharges against Landmark and its door and window subcontractors.  Said backcharges were never furnished to Landmark, however, until after this suit was filed.  The remaining averments of Paragraph 28 are denied.

29.    Denied.

30.    Denied.

31.    It is denied that Axis has suffered any damages whatsoever.  Any deductions from Landmark's subcontract for late or defective work by its door and window suppliers are far less than the sums held in the joint escrow account.  The remaining averments of Paragraph 31 are denied.

32.    It is admitted that the escrow funds cannot be released until Axis withdraws its improper demands in this matter.

**COUNT I**

33.    Defendant's Answers to Paragraphs 1 through 32 above are incorporated herein by reference as those set forth at length.

34.    It is admitted that George acting as a vice president and/or agent of

Landmark furnished Axis with a lien waiver which is a document which speaks, in its entirety, for itself.  It is further averred that any certifications in said lien waivers relates to payments due and owing to Landmark's subcontractors at that time.

35.    Denied.

36.    It is admitted that George acting as a vice president and/or agent of Landmark furnished Axis with a lien waiver which is a document which speaks, in its entirety, for itself.  It is further averred that any certifications in said lien waivers relates to payments due and owing to Landmark's subcontractors at that time.

37.    Denied.

38.    Denied.

39.    It is admitted that Axis released payment to Landmark and placed $150,000.00 in a joint escrow account which was as a result of its own previous defaults on two prior subcontracts it held with Landmark.  The remaining averments of Paragraph 39 are denied.

40.    Denied.

41.    Denied.

WHEREFORE, Defendants, Landmark Buildings Systems, Inc. and Douglas George, hereby demand judgment in their favor and against Plaintiff, Axis Construction Corp., on the claims set forth in Plaintiff's Complaint together with an award of costs and attorney's fees incurred in defending this matter.

9

## COUNT II

42.     Defendant's Answers to Paragraphs 1 through 41 above are incorporated herein by reference as though set forth at length.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.  On the contrary, said funds were placed in escrow as a result of Axis' default on two prior subcontracts it held with Landmark.

48.     Denied.

49.     Denied.

WHEREFORE, Defendants, Landmark Building Systems, Inc. and Douglas George, hereby demand judgment in their favor and against Plaintiff, Axis Construction Corp., on the claims set forth in Plaintiff's Complaint, together with an award of Court costs and attorney's fees incurred in defending this matter.

## COUNT III

50.     Defendant's Answers to Paragraphs 1 through 49 above are incorporated herein by reference as though set forth at length.

51.     It is admitted that funds were placed in a joint escrow account.  The remaining averments of Paragraph 51 are denied.

52.     Denied.

53.     It is admitted that Landmark has refused to authorize that escrow funds which are to be paid to Landmark upon completion of its work be returned to Axis.  On the contrary, the funds in the joint escrow account should be disbursed to Landmark without further delay.

54.     Admitted.

55.     Admitted.

56.     It is denied there is any bona fide claims for the return of the escrow funds on the part of Axis.

WHEREFORE, Defendants, Landmark Building Systems, Inc. and Douglas George, hereby demand judgment in their favor and against Plaintiff, Axis Construction Corp., on the claims set forth in Plaintiff's Complaint together with an award of Court costs and attorney's fees incurred in defending this matter.

## COUNT IV

57.     Defendant's Answers to Paragraphs 1 through 56 above are incorporated herein by reference as though set forth at length.

58.     It is admitted that Axis has made partial payment to Landmark for its work

on the Plainedge School Project.  The remaining averments of Paragraph 58 are denied.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

WHEREFORE, Defendants, Landmark Building Systems, Inc. and Douglas George, hereby demand judgment in their favor and against Plaintiff, Axis Construction Corp., on the claims set forth in Plaintiff's Complaint, together with an award of Court costs and attorney's fees incurred in defending this matter.


## COUNT V


64.    Defendant's Answers to Paragraphs 1 through 63 above are incorporated herein by reference as though set forth at length.

65.    Denied.

66.    Denied.

WHEREFORE, Defendants, Landmark Building Systems, Inc. and Douglas George, hereby demand judgment in their favor and against Plaintiffs, Axis Construction Corp., together with an award of Court costs and attorney's fees incurred in defending this matter.

13

## COUNT VI

67.    Defendant's Answers to Paragraphs 1 through 66 above are incorporated herein by reference as though set forth at length.

68.    Denied.

69.    Denied.

WHEREFORE, Defendants, Landmark Building Systems, Inc. and Douglas George, hereby demand judgment in their favor and against Plaintiff, Axis Construction Corp., for the relief claimed in Plaintiff's Complaint, together with an award of Court costs and attorney's fees incurred in this matter.

## COUNT VII

70.    Defendant's Answers to Paragraphs 1 through 69 above are incorporated herein by reference as though set forth at length.

71.    Denied.  On the contrary, any remaining disputes concerning the Yonkers' project is based upon the owner's rights under its warranty with the HVAC manufacturer and supplier.

72.    Denied.

WHEREFORE, Defendants, Landmark Building Systems, Inc. and Douglas George, hereby demand judgment in their favor and against Plaintiff, Axis Construction

Corp., on the claims set forth in Plaintiff's Complaint together with an award of Court costs and attorney's fees incurred in defending this matter.

## COUNT VIII

73.    Defendant's Answers to Paragraphs 1 through 72 above are incorporated herein by reference as though set forth at length.

74.    Paragraph 74 sets forth a conclusion of law to which no response is required.

75.    Denied.

76.    Denied.  On the contrary, Axis is not entitled to any additional waivers of lien claims as a result of its own default on its obligations to Landmark.

77.    Denied.  Any remaining obligations to replace HVAC equipment is based upon the warranty between the owner and the manufacturer and supplier of those units.

78.    Paragraph 78 sets forth a conclusion of law to which no response is required.

79.    Denied.

WHEREFORE, Defendants, Landmark Building Systems, Inc. and Douglas George, hereby demand judgment in their favor and against Plaintiff, Axis Construction Corp., on the claims set forth in Plaintiff's Complaint together with an award of Court costs and attorney's fees incurred in defending this matter.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's Complaint fails set forth claims upon which relief can be granted in this matter.

2.    Plaintiff's claims are barred under the doctrines of laches and estoppel.

3.    Plaintiff's claims are barred by its own unclean hands.

4.    Plaintiff's claims are barred by its own breaches of its subcontracts with Landmark and the Settlement and Escrow Agreement.

5.    Plaintiff's claims are barred by its own bad faith conduct in failing to provide punch lists and completion schedules which would have allowed Landmark to complete its subcontract for the Plainedge Schools Project.

6.    Plaintiff's Complaints are barred by its own bad faith conduct in failing to furnish backcharges to Landmark which would allow it to close out its subcontracts with its subcontractors and suppliers and furnish Axis with the project completion documentation demanded in its Complaint.

7.    Plaintiff's claims are barred by its own bad faith conduct in failing to provide back up documentation and certified payroll information for backcharges to Landmark and its subcontractors claimed in its Complaint.

8.    Plaintiff's claims for backcharges against Landmark and its subcontractors and unreasonable, excessive and outside the scope of the work required under

17

Landmark's subcontract with Axis.

9.     Plaintiff has failed to lead its alleged claim for fraud with specificity as required under the Federal Rules of Civil Procedure.

10.     At all times material hereto, Douglas George was acting as Vice President and duly authorized officer and agent of Landmark and holds no personal liability in this matter.

11.     Plaintiff's Complaint against the joint escrow agents as "Nominal Defendants" should be dismissed upon interpleader of the joint escrow account in this Court.

WHEREFORE, Defendants, Landmark Building Systems, Inc. and Douglas George, hereby demand judgment in their favor and against Plaintiff, Axis Construction Corp., for the claims set forth in Plaintiff's Complaint together with an award of Court costs and attorney's fees incurred in defending this matter.

## COUNTERCLAIM

Defendant, Landmark Building Systems, Inc., hereby submits this Counterclaim against Plaintiff, Axis Construction Corp., as follows:

1.     Landmark held a written subcontract with Axis to manufacturer and furnish modular classroom buildings for the Yonkers school project.

2.     The Yonkers school project was accepted by the owner in September, 2000.

18

3.     There is an outstanding amount of $33,000.00, together with interest, penalties and attorney's fees from September, 2000, due Landmark from Axis on its subcontract for the Yonkers School Project.

4.     Landmark believes, and therefore avers, that Axis has received payment in full for the labor and materials provided by Landmark for the Yonkers School Project as of September, 2000.

5.     Any remaining disputes on the Yonkers School Project are between the owner and the supplier and installer of the HVAC system such that there is no defense for Axis' failure to release the balance of $33,000.00 due on Axis' subcontract.

6.     Landmark holds a subcontract with Axis to furnish modular buildings for the Schwarting and John West school buildings for the Plainedge Schools Project based upon a written proposal it submitted to Landmark dated July 11, 2001.

7.      On December 18, 2001, the parties entered into a written Settlement and Escrow Agreement concerning the release of final payments due on Landmark's subcontract, a copy of which is attached to Plaintiff's Complaint in this matter as Exhibit "C".

8.     Axis has breached its obligations under its subcontract with Landmark and as well as the settlement and escrow agreement of December 18, 2001, as follows:

a).     Failing to authorize the release of $40,000.00 upon completion of Landmark's work on the Schwarting School;

b).     Failing to authorize the release of payment of $40,000.00 upon completion of Landmark's work on the John West School;

c).     Failing to furnish Landmark with punch lists issued by the owner's representative concerning any unfinished work on the John West and Schwarting schools;

d).     Failing to coordinate and provide timely schedules for completion of Landmark's work on the John West School Project;

e).     Failing to provide timely notification, break down and documentation concerning any alleged backcharges against Landmark and its subcontractors for the Plainedge School Project;

f).     Failing to cooperate with Landmark in order to close out the projects and obtain payment in accordance with the Settlement and Escrow Agreement of December 18, 2001.

9.     The foregoing violations of Axis' duties to Landmark constitute breaches of its obligations under its subcontracts for the Yonkers and Plainedge School District Projects as well as the Settlement and Escrow Agreement of December 18, 2001.

10.     Landmark's deliberate refusal to provide a breakdown, documentation, scheduling and punch list to permit Landmark to close out these projects also constitutes a breach of Axis' duty of good faith and fair dealing toward Landmark.

11.     As a result of Axis' breaches of its obligations to Landmark, Landmark has forseeably incurred damages in excess of $150,000.00, together with costs and attorney's

fees in responding to the present lawsuit.

12.    In addition, to the extent that Axis has received payment for Landmark's work for which it has failed to release payment or provide timely documentation of any offsets or backcharges, Landmark is likewise liable for interest, penalties and attorney's fees in accordance with the Pennsylvania Contractors and Subcontractors Payment Act, 73 P.S. § 501, et seq.

WHEREFORE, Defendant, Landmark Building Systems, Inc., hereby demands judgment in its favor and against Plaintiff, Axis Construction Corp., for damages in excess of $150,000.00 together with Court costs, interest, penalties and attorney's fees under the Pennsylvania Contractors and Subcontractors Payment Act.

FRANCIS X. CLARK, P.C.

DATE:

BY:_____
        Francis X. Clark

987 Old Eagle School Road, Suite 705
Wayne, PA 19087
610-225-2372

23

## CERTIFICATE OF SERVICE

I, Francis X. Clark, hereby certify that I have served a true and correct copy of the

foregoing upon counsel for Plaintiff this date by first-class mail, postage prepaid,

addressed as follows:

David R. Moffitt, Esquire          John J. DeLaney, Jr., Esquire
SAUL, EWING, LLP                   COOPER, ROSE & ENGLISH, LLP
Centre Square West, 38th Floor     480 Morris Avenue
1500 Market Street                 Summit, NJ 07901-1527
Philadelphia, PA 19102

DATE:                              _____

                                   Francis X. Clark

24