## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AXIS CONSTRUCTION CORP.  :  CIVIL ACTION
                             Plaintiff     :

                v.             :
                                  :

LANDMARK BUILDING SYSTEMS,  :
INC. and                     :  NO. 02-cv-3017
DOUGLAS GEORGE           :
                      Defendants  :
and                                 :
JOHN J. DELANEY, JR., ESQUIRE and:
FRANCIS X. CLARK, ESQUIRE     :
             Nominal Defendants  :  JURY TRIAL DEMANDED
                                  :

                v.             :
                                    :

HUMMER EQUIPMENT CO., INC.,    :
TOWN SUPPLY COMPANY, INC. and :
PIONEER WINDOWS, INC.         :
           Third Party Defendants   :

## THIRD PARTY COMPLAINT OF
## LANDMARK BUILDING SYSTEMS, INC.

Defendant and Third Party Plaintiff, Landmark Building Systems, Inc., hereby

brings this Complaint against Third Party Defendants, Hummer Equipment Co., Inc.,

Town Supply Company, Inc. and Pioneer Windows, Inc. pursuant to Rule 14 of the

Federal Rules of Civil Procedure as follows:

## PARTIES, JURISDICTION AND VENUE

1.    Defendant and Third Party Plaintiff, Landmark Building Systems, Inc. ("Landmark"), is a Pennsylvania corporation with a principal place of business at Laurel Street and West Crane Road, Pottstown, Montgomery County, PA 19464.

2.    Third Party Defendant, Hummer Equipment Co., Inc. ("Hummer"), is a Pennsylvania Corporation with a principal place of business at 110 Agnes Street, Harrisburg, PA 17104.

3.    Third Party Defendant, Town Supply Company, Inc. ("Town Supply"), is a Pennsylvania corporation with a principal place of business at 101 Buchanan Street, Phoenixville, Chester County, Pennsylvania.

4.    Third Party Defendant, Pioneer Windows, Inc. ("Pioneer Windows"), is a New York corporation with a principal place of business at 15 Frederick Place, Hicksville, New York 11801.

5.    This Court holds ancillary and pendent jurisdiction over subject matter and Third Party Defendants in this action under 28 U.S.C. § 1331 as a result of the diversity of citizenship between the Plaintiff and Defendant in an amount in controversy in excess of $100,000.00.

6.    This Court has proper venue for this matter under 28 U.S.C. § 1391 as the district in which the Defendant and Third Party Plaintiff and one Third Party Defendant

reside and is the location where a substantial portion of the events and transactions giving

rise to the claims in the Plaintiff's Complaint in this matter have occurred.

## PROCEDURAL HISTORY

7.      This action was commenced by Plaintiff, Axis Construction Corp. ("Axis")

by the filing of its Complaint which is attached hereto as Exhibit "A".

8.      In its Complaint, Axis has brought claims against Landmark and two escrow

agents as Nominal Defendants for claims arising out of Landmark's performance of

subcontracts to provide modular classroom buildings for School Districts in the State of

New York known as the Yonkers School District, Westchester County, New York (the

"Yonkers Project") and the Plainedge Union Free School District, Nassau County, Long

Island, New York (the "Plainedge Project").

9.      Landmark has filed an Answer, New Matter and Counterclaim to Axis'

Complaint, a true and correct copy of which is attached hereto as Exhibit "B".

10.     Landmark has brought this Third Party Complaint in accordance with F. R.

Civ. P. 14 against its subcontractors as Third Party Defendants which have caused the

filing of the Complaint brought against it by Axis for which Third Party Defendants are

wholly or partly liable for Plaintiff's damages as a result of Third Party Defendant's

failure to perform, complete and/or correct their work on the Yonkers and Plainedge

Projects.

## FACTUAL HISTORY

11.     In February, 2000, Landmark was awarded a subcontract by Axis to furnish and install modular classroom buildings for the Yonkers Project.

12.     In April, 2000, Landmark issued a subcontract to Hummer to furnish and install HVAC equipment manufactured by Custom Air Plenums for the modular classrooms for the Yonkers Project.

13.     Hummer furnished and installed the HVAC equipment manufactured by Custom Air Plenums for the Yonkers Project in July or August, 2000.

14.     Landmark has been advised that the HVAC equipment manufactured by Custom Air Plenums and supplied and installed by Hummer did not function properly since that time and that the owner had made a claim under the warranty for the equipment against the manufacturer.

15.     As a result of the failure of the Yonkers HVAC equipment to function properly, Axis has withheld payment in the amount of $33,000.00 on its subcontract with Landmark which sum is presently held in escrow, until those problems have been corrected.

16.     It is believed, and therefore averred, that Hummer and its supplier Custom Air Plenums have agreed to replace the HVAC equipment at no cost to the parties.

17.     In addition, Axis, Landmark and Hummer have all asserted claims for backcharges for costs in excess of $35,000.00 arising out of the failure of Hummer's

4

HVAC equipment to perform properly, which backcharges have been disputed by
Hummer and its supplier, Custom Air Plenums, which has caused Axis to bring its
Complaint against Landmark in this matter.

18.     In July, 2001, Axis entered into a subcontract with Landmark to furnish and
install modular classroom buildings for the Plainedge Project known as the Schwarting
Elementary School ("Schwarting School Building") and the John West Elementary
School ("John West School Building") for the Plainedge Union Free School District.

19.     Landmark then issued a purchase order to Town Supply to furnish and
install door hardware and frames for the Schwarting and John West School Buildings.

20.     In addition, Landmark issued a purchase order to Pioneer Windows to
furnish windows and infill panels for the Schwarting and John West School Buildings for
the Plainedge Projects.

21.     In December, 2001, disputes arose between Landmark and Axis concerning
Axis' obligation to make payment to Landmark for the modular buildings to be provided
for the Plainedge Project.

22.     As a result of those disputes, on December 18, 2001, a Settlement Escrow
Agreement was entered into between Landmark and Axis under which Landmark was to
receive partial payment upon delivery of the first and last modular buildings for the John
West School and the sum of $150,000.00 was to be placed in escrow for disbursement to
Landmark following delivery and completion of Landmark's work and the provision of

5

closeout documents for the Schwarting and John West School Buildings and replacement of HVAC units for the Yonkers Project. A true and correct copy of that Settlement and Escrow Agreement is attached to Axis' Complaint as Exhibit "C".

23.    Prior to the Settlement and Escrow Agreement, Landmark and Axis were advised of deficiencies in the manufacturing and installation of door and window products to be furnished by Town Supply and Pioneer for the Plainedge Project and the need to replace HVAC units for the Yonkers Project.

24.    Partial payment was withheld by Landmark from Town Supply and Pioneer Windows for the costs of backcharges and corrective work incurred by Axis and Landmark to correct deficiencies in the door hardware and window supplied for the Plainedge Project, which was known to Axis at the time he entered into the Settlement and Escrow Agreement of December 18, 2001.

25.    Both Town Supply and Pioneer Windows have failed and refused to repair, replace or correct deficiencies in the door frames and hardware and windows furnished for the Plainedge Project, causing additional damages and backcharges for costs to Landmark and Axis.

26.    In the meantime, both Town Supply and Pioneer Windows have improperly asserted bond and lien claims against Axis and the Project for payment for their deficient materials for the Plainedge Project, causing Axis to bring its present action against Landmark in this matter.

6

27.     Landmark has also forseeably suffered damages resulting from Hummer, Town Supply and Pioneer's failure to perform under their subcontracts for the Yonkers and Plainedge Projects, in addition to any and all backcharges for claims to the escrow fund which may be asserted by Axis in this matter.

## COUNT I

## LANDMARK V. HUMMER

28.     Paragraphs 1 through 27 above of Landmark's Third Party Complaint are incorporated herein by reference as though set forth at length.

29.     The HVAC units manufactured by Custom Air Plenums and supplied by Hummer for the Yonkers Project did not perform properly and therefore did not comply with the specifications for the Yonkers Project as required by Landmark's subcontract with Hummer.

30.     Both Hummer and Custom Air Plenums have admitted that the HVAC units supplied for the Yonkers Project are defective and must be replaced.

31.     Furthermore, Hummer and Custom Air have agreed to replace those HVAC units at no cost to Landmark, Axis or the owner of the Project.

32.     To date, Hummer and Custom Air Plenums have failed and refused to accept costs for backcharges and costs incurred to replace its defective HVAC units,

7

forseeably causing damage to Landmark and Axis and which has caused Axis to bring its Complaint against Landmark in this matter.

33.    Axis has asserted backcharges against Landmark and has demanded the return of the escrow deposits under the Escrow and Settlement Agreement which would be owed to Landmark upon replacement of the HVAC units for the Yonkers Project.

34.    In addition, Landmark has forseeably suffered damages for increased costs for labor and supervision for the Yonkers Project which has remained open for a year and a half as a result of Hummer's failure to complete its obligations under its subcontract with Landmark.

WHEREFORE, Defendant and Third Party Plaintiff, Landmark Building Systems, Inc., hereby demands judgment in its favor, and/or in favor of Plaintiff, Axis Construction Corp., and against Defendant, Hummer Equipment Co., Inc., for damages in excess of $75,000.00, together with interest, Court costs and attorney's fees incurred in this matter.

## COUNT II

## LANDMARK V. TOWN SUPPLY

35.    Paragraphs 1 through 34 of Landmark's Third Party Complaint above are incorporated herein by reference as those set forth at length.

36.    Under its subcontract with Landmark, Town Supply was required to supply door frames and hardware which would operate properly in connection with the doors

which were furnished for the Plainedge Project.

37.    Town Supply breached its subcontract with Landmark by failing to supply door frames and hardware which were suitable for and complied with the plans and specifications for the Plainedge Project.

38.    Landmark has repeatedly made demand upon Town Supply to correct the defective door frames and hardware which it furnished for the Plainedge Project.

39.    Although Town Supply has repeatedly acknowledged that its materials were defective, it has failed and refused to repair, replace or correct the defective door frames and hardware or pay costs to repair, replace or correct those defective door frames and hardware.

40.    As a foreseeable result of Town Supply's breach of its subcontract with Landmark, Axis has withheld payment on Landmark's contract, has asserted backcharges against Landmark and has brought this action against Landmark for the return of escrow deposits paid under the Escrow and Settlement Agreement and for additional damages.

41.    In addition, Landmark has suffered foreseeable damages for its own increased costs of labor and supervision to man the Plainedge Project and to correct the defective door frames and hardware provided by Town Supply.

WHEREFORE, Defendant and Third Party Plaintiff, Landmark Building Systems, Inc., hereby demands judgment in its favor, and/or in favor of Plaintiff, Axis Construction Corp., and against Third Party Defendant, Town Supply Company, Inc., for damages in

excess of $75,000.00, together with interest, Court costs and attorney's fees incurred in this matter.

## COUNT III

## LANDMARK V. PIONEER WINDOWS

42.    Paragraphs 1 through 41 of Landmark's Third Party Complaint above are incorporated herein by reference as those set forth at length.

43.    Under its subcontract with Landmark, Pioneer Windows was required to supply window products which would operate properly when furnished and installed for the Plainedge Project.

44.    Pioneer Windows breached its subcontract with Landmark by failing to supply window products which were suitable for and complied with the plans and specifications for the Plainedge Project.

45.    Landmark has repeatedly made demand upon Pioneer Windows to correct the defective window products which it furnished for the Plainedge Project.

46.    Although Pioneer Windows has repeatedly acknowledged that its materials were defective, it has failed and refused to repair, replace or correct the defective window products or pay costs to repair, replace or correct those windows.

47.    As a foreseeable result of Pioneer Windows' breach of its subcontract with Landmark, Axis has withheld payment on Landmark's contract, has asserted backcharges

against Landmark and has brought this action against Landmark for the return of escrow deposits paid under the Escrow and Settlement Agreement and for additional damages.

48.    In addition, Landmark has suffered foreseeable damages for its own increased costs of labor and supervision to man the Plainedge Project and to correct the defective window products provided by Pioneer Windows.

WHEREFORE, Defendant and Third Party Plaintiff, Landmark Building Systems, Inc., hereby demands judgment in its favor, and/or in favor of Plaintiff, Axis Construction Corp., and against Third Party Defendant, Pioneer Windows, for damages in excess of $75,000.00, together with interest, Court costs and attorney's fees incurred in this matter.

FRANCIS X. CLARK, P.C.

DATE:

BY:_____

       Francis X. Clark

987 Old Eagle School Road, Suite 705
Wayne, PA 19087
610-225-2372

11

## CERTIFICATE OF SERVICE

I, Francis X. Clark, hereby certify that I have served a true and correct copy of the

foregoing upon counsel for Plaintiff this date by first-class mail, postage prepaid,

addressed as follows:

David R. Moffitt, Esquire           John J. DeLaney, Jr., Esquire
SAUL, EWING, LLP                    COOPER, ROSE & ENGLISH, LLP
Centre Square West, 38th Floor      480 Morris Avenue
1500 Market Street                  Summit, NJ 07901-1527
Philadelphia, PA 19102

DATE:                               _____

                                    Francis X. Clark