IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AXIS CONSTRUCTION CORP. | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 02-CV-3017 |
| LANDMARK BUILDING SYSTEMS, INC. | : |
| and | : |
| DOUGLAS GEORGE | : |
| Defendants; | : |
| and | : |
| JOHN J. DELANEY, JR., ESQUIRE | : |
| and | : |
| FRANCIS X. CLARK, ESQUIRE | : |
| Nominal Defendants. | : |

### ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM

Plaintiff Axis Construction Corp., by and through its undersigned attorneys, hereby answers the Counterclaim of Defendant Landmark Building Systems, Inc., as follows:

1. Admitted.

2. Denied. As a result of continuing problems with HVAC equipment installed by Landmark or at the direction of Landmark, Yonkers School District has yet to fully accept the project.

677132.1 7/22/02

3. Denied. As stated above, the HVAC equipment supplied by Landmark has experienced continuing problems, contrary to the requirements of Landmark's subcontract with Axis. As a consequence, Yonkers Public Schools continues to withhold approximately $89,000 of payments otherwise due and owing to Axis pursuant to its contract with Yonkers. Furthermore, any additional payments to Landmark under its subcontract are subject to additional conditions Landmark has failed to meet.

4. Denied. See answer to paragraph 3 above.

5. Denied.

6. Denied as stated. Axis and Landmark entered into a subcontract for modular buildings for the Schwarting and John West Elementary Schools. The scope of, schedule, and terms for Landmark's required performance were set forth in Axis Subcontract No. 119, Plainedge's drawings and specifications, Landmark's Proposal dated July 11, 2001, and Axis' General Conditions for Construction Contracts dated August 21, 2000 (the "Subcontract Documents").

7. Denied as stated. It is admitted only that, on December 18, 2001, Landmark and Axis entered into a written Letter Agreement after Landmark refused delivery of the John West School Building. The Letter Agreement, which is a document that speaks for itself, sets forth various obligations to be undertaken by Landmark in order to obtain the release of various escrowed funds, which obligations Landmark has utterly and totally failed to perform, materially breaching the Letter Agreement.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

WHEREFORE, Plaintiff Axis Construction Corp. requests judgment in its favor and against Defendant Landmark Building Systems, Inc., on its Counterclaim, with the costs of this action.

### AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIM

Plaintiff Axis Construction Corp., by and through its undersigned attorneys, hereby states its affirmative defenses to the Counterclaim of Landmark Building Systems, Inc., as follows:

1. Defendant's Counterclaim is barred by Douglas George's frauds detailed in the Complaint.

2. Defendant's Counterclaim is barred by Defendant's breaches of its subcontracts with Axis, and its prior material breaches of the December 18, 2001 Letter Agreement.

3. Defendant's Counterclaim is barred by its failure to make payments due to its suppliers and materialmen, and its fraud in certifying to plaintiff that such payments had been made.

4. Defendant's demands for relief under 73 P.S. § 501 et seq. fail to state a claim upon which relief can be granted, as the projects addressed in the Counterclaim are sited in New York State.

5. Defendant's Counterclaim is barred by the doctrines of waiver and estoppel.

      6. Defendant's Counterclaim is barred by a failure of consideration.

      7. Defendant's counterclaim is barred by Axis' prior payments to Landmark for materials supplied and services rendered.

Respectfully submitted,

_____
David R. Moffitt
Jeffrey M. Viola
Saul Ewing LLP
1500 Market Street
38th Floor, Centre Square West
Philadelphia, PA  19102
(215) 972-7777

Attorneys for Plaintiff

-5-

## **CERTIFICATE OF SERVICE**

       I, David R. Moffitt, Esquire, hereby certify that I caused to be served, by First Class Mail, postage prepaid, Axis Construction Corporation's Answer and Affirmative Defenses to Counterclaim, on the parties listed below.

       Francis X. Clark, Esquire
       987 Old Eagle School Road
       Suite 705
       Wayne, PA  19087

       John J. Delaney, Esquire
       Cooper, Rose & English, LLP
       408 Morris Avenue
       Summit, NJ  07901-1527

       _____
       David R. Moffitt

Dated: