**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AXIS CONSTRUCTION CORP.** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **LANDMARK BUILDING SYSTEMS,** | : | **NO.  02-CV-3017** |
| **INC. and** | : | |
| **DOUGLAS GEORGE,** | : | |
| **Defendants** | : | |
| **and** | : | |
| **JOHN J. DELANEY, JR., ESQUIRE and** | : | |
| **FRANCIS X. CLARK, ESQUIRE,** | : | |
| **Nominal Defendants** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **v.** | : | |
| | : | |
| **HUMMER EQUIPMENT CO., INC.,** | : | |
| **TOWN SUPPLY COMPANY, INC. and** | : | |
| **PIONEER WINDOWS, INC.,** | : | |
| **Third Party Defendants** | : | |

**O R D E R**

      AND NOW, this _____ day of _____, 2002, upon consideration

of Third Party Defendant Pioneer Windows, Inc.'s Motion to Dismiss the Third Party Complaint

and any response hereto, it is hereby **ORDERED** and **DECREED** that Third Party Defendant

Pioneer Windows, Inc.'s Motion to Dismiss is **GRANTED** and the Third Party Complaint is

dismissed with prejudice.

      In the alternative, Third Party Defendant Pioneer Windows, Inc.'s Motion to Dismiss is

**GRANTED** and this matter is transferred to the United States District Court for the Eastern

District of New York for further proceedings.

                                        BY THE COURT:

                                     _____

                                     Schiller, Berle M., J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AXIS CONSTRUCTION CORP.** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **LANDMARK BUILDING SYSTEMS,** | : | **NO.  02-CV-3017** |
| **INC. and** | : | |
| **DOUGLAS GEORGE,** | : | |
| **Defendants** | : | |
| **and** | : | |
| **JOHN J. DELANEY, JR., ESQUIRE and** | : | |
| **FRANCIS X. CLARK, ESQUIRE,** | : | |
| **Nominal Defendants** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **v.** | : | |
| | : | |
| **HUMMER EQUIPMENT CO., INC.,** | : | |
| **TOWN SUPPLY COMPANY, INC. and** | : | |
| **PIONEER WINDOWS, INC.,** | : | |
| **Third Party Defendants** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THIRD PARTY DEFENDANT**
**PIONEER WINDOWS, INC.'S  MOTION TO DISMISS**
**THE THIRD PARTY COMPLAINT**
<u>**OF LANDMARK BUILDING SYSTEMS, INC.**</u>

**I.     STATEMENT OF FACTS**

This matter arises out of a construction project located in Massapequa, New York and

Bethpage, New York.

First Party Plaintiff Axis Contracting Corporation (hereinafter "Axis") entered into a

contract with the Plainedge Union Free School District for construction of modular buildings at

two schools, known as the Schwarting Elementary School in Massapequa, New York and the

John West Elementary School in Bethpage, New York (hereinafter "Project").  Both schools are

a part of the Plainedge Union Free School District, New York.  Axis, as Prime Contractor,

entered into a subcontract with Defendant/Third Party Plaintiff Landmark Building Systems, Inc.

d/b/a/ Landmark Modular (hereinafter "Landmark") for the supply and installation of modular

buildings at the Project.

       Landmark then entered into a subcontract and purchase orders with Third Party

Defendant, Pioneer Window Manufacturing Co (hereinafter "Pioneer) to supply windows for the

Project.  Pioneer delivered the windows for the Project but was never paid by Landmark in

accordance with the purchase orders.  Landmark owes Pioneer $77,999.10 for the windows

under the purchase orders.  Pioneer filed a public improvement mechanic's lien against the

Project in the amount of $77,999.10 but has not yet foreclosed on the lien.

       Prior to June 10, 2002 and unbeknownst to Pioneer, Axis filed suit against Landmark and

several other defendants in the United States District Court for the Eastern District of New York

for claims arising out of Landmark's performance on the Project. A true and correct copy of the

Axis' Complaint is attached hereto as Exhibit A.

       On or about June 10, 2002, Pioneer filed a Summons and Complaint in the Supreme

Court of the State of New York, County of Nassau, against Landmark and Travelers Insurance

and Surety Company, the Surety for Landmark, for payment of the monies owed to Pioneer by

Landmark.  A true and correct copy of the Summons and Complaint is attached hereto as Exhibit

B.

       On or about June 19, 2002, Landmark filed a Third Party Complaint against Pioneer and

several other Third Party Defendants for indemnification and/or contribution for Axis' claims

against Landmark.  A true and correct copy of the Third Party Complaint is attached hereto as

Exhibit C.  Thereafter, Landmark removed Pioneer's state action filed in Nassau County, New York, to the Eastern District of New York.

Pioneer now files this Motion to Dismiss the Third Party Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (2) and (3) and requests this action be transferred to the already pending action in the District Court for the Eastern District of New York pursuant to 28 U.S.C. §1404(a).

## II.    LEGAL ARGUMENT

### A.    THE THIRD PARTY COMPLAINT MUST BE DISMISSED BECAUSE THE DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA FOR LACK OF JURISDICTION.

#### 1.    DISMISSAL OF THE THIRD PARTY COMPLAINT IS APPROPRIATE WHERE THE DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA LACKS JURISDICTION OVER THE SUBJECT MATTER OF THIS CASE.

Pioneer seeks dismissal of Landmark's Third Party Complaint for lack of jurisdiction over the subject matter pursuant to Federal Rules of Civil Procedure 12(b)(1).

In the Third Party Complaint, Landmark alleges that jurisdiction is proper in the District Court for the Eastern District of Pennsylvania "under 28 U.S.C. §1331 as a result of the diversity of citizenship between the Plaintiff and Defendant in an amount in controversy in excess of $100,000.00."  See Exhibit C, paragraph 5.  Based upon a plain reading of paragraph 5, Pioneer is not clear on the basis Landmark relies upon to establish jurisdiction in this Court.  28 U.S.C. §1331 concerns jurisdiction based on the existence of a federal question; 28 U.S.C. §1332 concerns jurisdiction based upon diversity of the parties.  Notwithstanding, both alleged basis for jurisdiction shall be addressed.

First, to the extent that Landmark alleges jurisdiction based upon 28 U.S.C. §1331, Pioneer contends that in the Third Party Complaint, Landmark has failed to allege the presence of a federal question.  Landmark has the burden of proof when invoking federal question jurisdiction. To create federal question jurisdiction, the plaintiff must present a "well-pleaded complaint establishing either that federal law creates the cause of action or that the plaintiff's right to relief . . . depends on resolution of a substantial question of federal law." Franchise Tax Bd. of Calif. v. Construction Laborers Vacation Trust for So. Calif., 463 U.S. 1 (1983).  In other words, under the "well-pleaded complaint rule," subject matter jurisdiction exists only where a federal question is presented on the face of Landmark's properly pled complaint.  Caterpillar Inc. v. Williams, 482 U.S. 386 (1987); Freeman v. Tache, 1997 U.S. Dist. LEXIS 12807 (E.D. Pa. 1997).

Landmark has failed to make any allegations in the Third Party Complaint that Landmark's claims arise under the Constitution, law or treaties of the United States. On its face, the Third Party Complaint does not seek to enforce a federal right or vindicate a federal interest. Instead, the Third Party Complaint contains causes of actions based on breach of contract which is governed by state law.  Because the face of the Third Party Complaint fails to establish the existence of federal question jurisdiction, jurisdiction is lacking and the Third Party Complaint must be dismissed.

Second, to the extent that Landmark alleges jurisdiction based upon 28 U.S.C. §1332, Pioneer contends there lacks diversity between the parties.  28 U.S.C. §1332(a)(1) provides that district courts have original jurisdiction of all civil actions where the matter in controversy exceeds $100,000 and is between citizens of different states. In the case of impleader, the Court

must determine if it has jurisdiction by diversity by examining the third-party plaintiff and the third-party defendant.  Colson v. Colli, 1994 U.S. Dist. LEXIS 15810 (E.D.Pa. 1994).

In the Third Party Complaint, there is a  lack of diversity.  Landmark, as Defendant and Third Party Plaintiff, alleges that it is a Pennsylvania corporation with principal places of business in Pennsylvania.  See Exhibit C, paragraph 1.  Third Party Defendants Hummer Equipment Co., Inc. and Town Supply Co., Inc. are also alleged to be Pennsylvania corporations with a principal places of business in Pennsylvania.  See Exhibit C, paragraphs 2-3.  Pioneer is a New York corporation with a principal place of business in New York.  See Exhibit C, paragraph 4.  Since Landmark, as Third Party Plaintiff, and Third Party Defendants, Hummer and Town Supply, are both Pennsylvania residents, then there is a lack of diversity between citizens from different states.  Since diversity is not present, the Third Party Complaint must be dismissed.

**2.     DISMISSAL OF THE THIRD PARTY COMPLAINT IS APPROPRIATE WHERE THE DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA LACKS PERSONAL JURISDICTION OVER THIRD PARTY DEFENDANT PIONEER.**

Pioneer seeks dismissal of Landmark's Third Party Complaint for lack of personal jurisdiction over Pioneer pursuant to Federal Rules of Civil Procedure 12(b)(2).

Where a defendant pleads the affirmative defense of the lack of personal jurisdiction, the burden shifts to the plaintiff to make a *prima facie* showing, through affidavits or other competent evidence, that personal jurisdiction exists.  The Quandel Group v. Chamberlain Co., Inc., 1999 U.S. Dist. LEXIS 9124 (E.D. Pa. 1999); Fyk v. Roth, 1995 U.S. Dist. LEXIS 1633 (E.D. Pa. 1995); Jaffe v. Julien, 754 F. Supp. 49 (E.D. Pa. 1991).  The plaintiff must show "with reasonable particularity" the contacts between the defendant and the forum are sufficient to

support the exercise of personal jurisdiction.  The Quandel Group, p. 3; Mellon Bank (East)

PSFS, N.A. v. Farino, 960 F.2d 1217 (3rd Cir. 1992).

Personal jurisdiction over non-resident defendants is permissible to the extent allowed by

the laws of the forum state.  Fed.R.Civ.P. 4(e); Pennzoil Products Co. v. Colelli & Assoc., 149

F.3d 197 (3rd Cir. 1998).  Pennsylvania's long-arm statute permits the exercise of personal

jurisdiction over non-resident defendants as provided by the constitutional limits of the Due

Process Clause of the Fourteenth Amendment.  The Quandel Group, at p. 3; See also 42

Pa.C.S.A. §5322(b); Pennzoil, 149 F.3d at 200.  In addition, personal jurisdiction may be general

or specific.  The Quandel Group, at p. 3.  To establish general personal jurisdiction, the non-

resident defendant's contacts with the forum state must be "continuous and substantial."  The

Quandel Group, at p. 3; Pennzoil, 149 F.3d at 200; International Shoe Co. v. Washington, 326

U.S. 310 (1945). Specific jurisdiction arises from the defendant's forum-related activities.

Burger King v. Rudzewicz, 471 U.S. 462 (1985); Cooper v. Winpoint Interactive Multimedia

Syst., 1997 U.S. Dist. Lexis 408 (E.D. Pa. 1997).

After evaluating the defendant's contacts with the forum state, the analysis turns to

whether exercising jurisdiction comports with the notions of "fair play and substantial justice."

Pennzoil, 149 F.3d at 201; Mesalic v. Fiberfloat Co., 897 F.2d 696 (3rd Cir. 1990).  Factors to be

considered include: "the burden on the defendant, the forum State's interest in adjudicating the

dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial

system's interest in obtaining the most efficient resolution of controversies, and the shares

interest of the several States in furthering fundamental substantive social policies." Rudzewicz,

471 U.S. at 477.

Here, there is neither general nor specific personal jurisdiction over Pioneer and to exercise such personal jurisdiction would violate the notions of "fair play and substantial justice." Pioneer has neither Pennsylvania-related activities nor any continuous or substantial contacts with Pennsylvania. Pioneer is a New York corporation with a principal place of business in New York. The allegations in the Third Party Complaint do not aver that Pioneer is licensed to do business in Pennsylvania. Pioneer does not have an office or employees in Pennsylvania.

Moreover, the disputed issues in this case regarding Pioneer concern whether the windows supplied by Pioneer were defective and whether Landmark paid Pioneer for the delivery of these windows. The subcontract between Pioneer and Landmark states that the laws of New York will govern disputes. A true and correct copy of the subcontract is attached hereto as Exhibit D. Pioneer filed a Mechanic's Lien in New York. A true and correct copy of the mechanic's lien is attached hereto as Exhibit E. The payment bond provided by Travelers, as Surety for Axis, who is located in New York and the payment bond itself concerns the New York Project. A true and correct copy of the payment bond is attached hereto as Exhibit F.

The only contact Pioneer had with Pennsylvania was the delivery of the windows to Pennsylvania before the windows were transported and installed in the Project in Long Island, New York. This is the only contact Pioneer has with Pennsylvania and it does not constitute a "significant or continuous" contact with Pennsylvania. Therefore, Pioneer does not have any significant contacts with Pennsylvania. All of Pioneer's contacts, in relation to this action, are with the State of New York.

The exercise of jurisdiction over Pioneer by the District Court for the Eastern District of Pennsylvania violates the notions of "fair play and substantial justice." As shown above, Pioneer is located and conducts business in New York. Plaintiff's choice of forum and the burden to

defend itself in Pennsylvania is extremely burdensome as all of Pioneer's potential witnesses, employees and relevant documentation are located in New York.  The time and cost associated with traveling to Pennsylvania, permitting its employees to testify in Pennsylvania and hiring local counsel is unduly burdensome. In addition, Pennsylvania does not have a real interest in this matter as the subcontract dispute is governed by New York law and the Project itself is located in New York. See Exhibit D. To permit Pennsylvania courts to resolve a matter based in New York is not an efficient use of the Pennsylvania court system and could result in conflicting judicial decisions.  The uncontroverted evidence shows that Landmark has not established any facts supporting personal jurisdiction over Pioneer and therefore, the Third Party Complaint must be dismissed.

### 3.    DISMISSAL OF THE THIRD PARTY COMPLAINT IS APPROPRIATE WHERE THE DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA IS THE IMPROPER VENUE FOR THIS CASE.

Pioneer seeks dismissal of Landmark's Third Party Complaint for improper venue pursuant to Federal Rules of Civil Procedure 12(b)(3).  Pioneer alternatively requests transfer of this case to the District Court for the Eastern District of New York, as venue is properly in New York based upon Pioneer's contacts and where prior related actions are currently pending.

The burden of proving improper venue is on the defendant.  Grissinger v. Young, 1998 U.S. Dist. LEXIS 9898 (E.D. Pa. 1998); Myers v. American Dental Assoc., 695 F.2d 716 (3rd Cir. 1982).  A valid forum selection clause will be enforced. Jumara v. State Farm Ins. Co., 55 F.3d 873 (3rd Cir. 1995). A forum selection clause is the manifestation of the parties' preferences as to a convenient forum.  Id., 55 F.3d at 880.  A valid forum selection clause is one without any evidence of fraud, influence or overweening bargaining power between the parties.  Reynolds

Publishers, Inc. v. Graphics Financial Group, Ltd., 938 F.Supp. 256 (N.J. 1996); Cedarbrook

Assoc. v. Equitec Savings Bank, 678 F. Supp. 107 (E.D. Pa. 1987). While the Court may defer

to a plaintiff's choice of forum, "such deference is inappropriate where the plaintiff has already

freely contractually chosen an appropriate venue." Jumara, 55 F.3d at 880.

Here, the commencement of a suit in Pennsylvania is improper and contrary to the

subcontract between Landmark and Pioneer. The subcontract between Landmark and Pioneer

specifically states:

> 23.    **APPLICABLE LAW**.  These terms and conditions
> and all orders placed by Buyer with the Company hereunder
> shall be governed by and construed in accordance with the
> laws of the State of New York.

See Exhibit D. The subcontract was signed by Landmark and Pioneer. By signing the

subcontract, Landmark agreed to its provisions. Landmark specifically agreed to have the laws

of New York govern subcontract disputes. Pioneer's claims against Landmark for non-payment

arise out of the subcontract. Since Landmark explicitly agreed to be bound by the laws of New

York as evidenced by its signature on the subcontract, Landmark should not be able to avoid its

agreement by filing suit in an improper venue.

Second, venue is not proper in the District Court of the Eastern District of Pennsylvania.

In the Third Party Complaint, Landmark alleges that venue is proper in the Eastern District of

Pennsylvania based on 28 U.S.C. §1391 as this is a judicial district where at least one Third Party

Defendant resides and is the location where a substantial part of the relevant events occurred.

See Exhibit C, paragraph 6. Such an allegation is a misapplication of 28 U.S.C. §1391(a)(1) and

(a)(2).

For the purpose of determining venue, a defendant corporation is "deemed to reside in

any judicial district in which it is subject to personal jurisdiction at the time the action is

commenced." 28 U.S.C. §1391(c).  Here, since Pioneer is a corporation, Pioneer's residence is New York as it is subject to personal jurisdiction in New York and not Pennsylvania. Under 28 U.S.C. §1391(a)(1), jurisdiction is proper in a judicial district where any defendant resides, if <u>all</u> defendants reside in the same State.  <u>See also Grissinger v. Young</u>, 1998 U.S. Dist. LEXIS 9898 (E.D. Pa. 1998)(venue not proper where all of the defendants did not reside in plaintiff's original choice of forum).

Here, all of the Third Party Defendants do not reside in Pennsylvania.  Pioneer is a Third Party Defendant who resides in New York; the other two Third Party Defendants reside in Pennsylvania.  Because not all of the Third Party Defendants reside in Pennsylvania, under 28 U.S.C. §1391(a)(1), venue is not proper in Pennsylvania.

Landmark's second basis for venue in Pennsylvania is 28 U.S.C. §1391(a)(2) as Landmark alleges Pennsylvania as the location where a substantial part of the relevant events occurred.  Contrary to Landmark's allegations, New York, not Pennsylvania, is the location where a substantial part of the relevant events occurred.  The Court will transfer a case to the venue where a substantial part of the events occurred.  <u>See</u> <u>Grissinger v. Young</u>, 1998 U.S. Dist. LEXIS 9898 (E.D.Pa. 1998).

In this case, the Project and schools are located in Long Island, New York.  Pioneer is also asserting a claim against Landmark's Surety, Travelers, for non-payment.  Travelers is located in New York.  Axis, the Prime Contractor for the Project, is located in New York.  The majority of potential witnesses, from both Pioneer's offices, Travelers' offices, Axis' offices and the staff of the school district which owns the Project, are all located in New York.  The only events that occurred in Pennsylvania was Pioneer's delivery of the windows.  Because a

substantial, if not all, of the relevant events in this case occurred in New York, proper venue lies in New York rather than Pennsylvania.

Finally, venue is not proper in Pennsylvania because there is no personal jurisdiction over Pioneer in Pennsylvania.  Where there is no personal jurisdiction over the defendant, venue is not proper.  The Quandel Group, p. 6.  As previously demonstrated, Pioneer does not have any contacts or connection with Pennsylvania.  Pioneer is a New York corporation with its office and employees located in New York.  Pioneer does not have an office or employees in Pennsylvania.  Since Pennsylvania does not have personal jurisdiction over Pioneer, venue is not proper in Pennsylvania and this case must be dismissed.  In the alternative, this case must be transferred to New York.  The court may still transfer an improperly venued matter even in the absence of personal jurisdiction.  Sidari v. Caesar's Pocono Resorts, 2002 U.S. App. LEXIS 3597 (3rd Cir. 2002).

**B.    THE THIRD PARTY COMPLAINT MUST BE DISMISSED AND THIS CASE TRANSFERRED TO THE DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK WHICH IS THE PROPER VENUE FOR THIS CASE.**

Pioneer respectfully requests this Court to transfer this matter to the District Court for the Eastern District of New York, which is the proper venue for this case, it would be of greater convenience for the parties and witnesses and such transfer is in the interest of justice.

Under 28 U.S.C. §1404(a), the district court may transfer a suit to any other district where it might have been brought if the transfer provides greater convenience for the parties and witnesses and serves the interest of justice.  Title 28 Section §1391(a)(2) permits venue in the judicial district where a substantial part of the property that gave rise to the action is found or where performance was to have occurred in a contract action.

The plaintiff's choice of forum is a "paramount consideration" when deciding on a motion to transfer pursuant to 28 U.S.C. §1404. Krupp International Inc. v. Yarn Industries, Inc., 615 F. Supp. 1103 (Dela. 1985). The moving party has the burden of showing that a balancing of proper interests weighs strongly in favor of the transfer. Id., Shutte v. Armco Steel Co., 431 F.2d 22 (3rd Cir. 1970). However, where the plaintiff filed suit in a form which is not its "home turf" and has no connection with the facts of the suit, then the defendant has a lesser burden of showing that the balance of convenience favors transfer as the convenience to the plaintiff of litigating in its choice of forum is not as great. Id., at 1106-7. The factors to be considered for transfer include the plaintiff's choice of forum; availability and convenience of the parties and witnesses; the location and ease of obtaining relevant proof; the possibility of view the premises if appropriate; quick resolution of the case; and whether justice would be better served by transfer to a different forum. Consolidated Rail Co. v. New England Central Railroad, Inc., 23 F.Supp.2d 549 (E.D. Pa. 1998); Jumara, 55 F.3d at 880.

In this case, the factors supporting transfer of this case to New York greatly outweigh the factors supporting non-transfer. New York is the most convenient forum for the parties and witnesses. Pioneer's office and all of its employees who are knowledgeable about the Project are located in New York. The Project itself is located in New York. While Landmark may have filed its suit in Pennsylvania, under the subcontract, Landmark and Pioneer have explicitly agreed that the laws of New York would govern all disputes arising from the subcontract.

Pioneer is also asserting a claim against Landmark's Surety, Travelers, for non-payment. Travelers is located in New York. Axis, the Prime Contractor for the Project, is located in New York. The majority of potential witnesses, from both Pioneer's offices, Travelers' offices, Axis' offices and the staff of the school district which owns the Project, are all located in New York.

The District Court in New York would be in a better position to apply the laws of New York to the claims in dispute here. Pioneer is also over 100 miles away from the District Court of Pennsylvania and is not within the subpoena power of the Court. The only factor in support of retaining this matter in Pennsylvania is that two of the Third Party Defendants are located in Pennsylvania. However, both Third Party Defendants performed work on the Project in New York. Therefore, this case should be transferred to the District Court for the Eastern District of New York because the factors supporting transfer greatly outweigh the factors against transfer.

The transfer of this case to New York is also appropriate because there is related litigation already pending in both the state courts of New York and in the federal courts of New York. The "first-filed" rule, a judicially-created doctrine, was designed to avoid concurrent litigation on the same issue between the same parties in more than one federal court. EEOC v. Univ. of Penn., 850 F.2d 969 (3rd Cir. 1988). Under this rule, the later-filed action should be stayed pending the resolution of the earlier filed action or transfer the matter to the court overseeing the pending earlier-filed action. Peregrine Co. v. Peregrine Indus., Inc., 769 F. Supp. 169 (E.D. Pa. 1991).

In this case, the first-filed action was by Pioneer when it filed a Summons and Complaint in the Supreme Court of the State of New York, County of Nassau, on or about June 10, 2002. See Exhibit A. In this state court suit, Pioneer brought claims against Landmark and Travelers for non-payment of services Pioneer provided under its contract with Landmark. Thereafter, Pioneer filed suit in the United States District Court for the Eastern District of New York again Landmark and Travelers for the same claims.

The second-filed suit is this action in Pennsylvania. Unbeknownst to Pioneer, Axis filed suit against Landmark and several other defendants in the United States District Court for the

Eastern District of New York for claims arising out of Landmark's performance of the subcontracts.  See Exhibit B. There is now in effect a third-filed action as Landmark has filed a Third Party Complaint against Pioneer and several other Third Party Defendants for indemnification and/or contribution for Axis' claims against Landmark.  See Exhibit C.

Under the "first-filed" rule, Pioneer's state action was the first filed suit.  The Pennsylvania actions must be transferred to New York under the "first-filed" rule.  Furthermore, a review of the claims asserted in each of these actions show that they all arise out of the same common nucleus of operative fact.  All of the claims are based in breach of contract relating to the construction at two public schools in New York.  Since the first action was filed in New York and where the Pennsylvania courts do not have jurisdiction over Pioneer and are not the proper venue of this case, all actions currently filed in the District Court for the Eastern District of Pennsylvania should be transferred to the District Court for the Eastern District of New York.

## III.     CONCLUSION

Therefore, for all of the afore-mentioned reasons, Pioneer respectfully requests dismissal of Landmark's Third Party Complaint.  In the alternative, Pioneer respectfully requests transferring this matter to the District Court for the Eastern District of New York.

Respectfully submitted,

FINEMAN & BACH, P.C.
1608 Walnut Street, 19th Floor
Philadelphia, PA 19103-5413
Telephone: 215-893-9300


BY:_____
     DREW S. DORFMAN, ESQUIRE
Dated:                              Attorney I.D. No.:  15753

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AXIS CONSTRUCTION CORP.** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **LANDMARK BUILDING SYSTEMS,** | : | **NO.  02-CV-3017** |
| **INC. and** | : | |
| **DOUGLAS GEORGE,** | : | |
| **Defendants** | : | |
| **and** | : | |
| **JOHN J. DELANEY, JR., ESQUIRE and** | : | |
| **FRANCIS X. CLARK, ESQUIRE,** | : | |
| **Nominal Defendants** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **v.** | : | |
| | : | |
| **HUMMER EQUIPMENT CO., INC.,** | : | |
| **TOWN SUPPLY COMPANY, INC. and** | : | |
| **PIONEER WINDOWS, INC.,** | : | |
| **Third Party Defendants** | : | |

**THIRD PARTY DEFENDANT PIONEER WINDOWS, INC.'S
MOTION TO DISMISS THE THIRD PARTY COMPLAINT
OF LANDMARK BUILDING SYSTEMS, INC.**

1.     First Party Plaintiff Axis Contracting Corporation (hereinafter "Axis") entered

into a contract with the Plainedge Union Free School District for a construction of modular

buildings at two schools, known as the Schwarting Elementary School in Massapequa, New

York and the John West Elementary School in Bethpage, New York (hereinafter "Project").

2.     Axis, as Prime Contractor, entered into a subcontract with Defendant/Third Party

Plaintiff Landmark Building Systems, Inc. d/b/a/ Landmark Modular (hereinafter "Landmark")

for the supply and installation of modular buildings at the Project.

3.      Landmark then entered into a subcontract and purchase orders with Third Party Defendant, Pioneer Window Manufacturing Co (hereinafter "Pioneer) to supply windows for the Project.

4.      Despite delivery of the windows for the Project in Long Island, New York, Pioneer has not been paid by Landmark and is owed $77,999.10.

5.      Prior to June 10, 2002 and unbeknownst to Pioneer, Axis filed suit against Landmark and several other defendants in the United States District Court for the Eastern District of New York for claims arising out of Landmark's performance on the Project. A true and correct copy of the Axis' Complaint is attached hereto as Exhibit A.

6.      On or about June 10, 2002, Pioneer filed a Summons and Complaint in the Supreme Court of the State of New York, County of Nassau, against Landmark and Travelers Insurance and Surety Company, the Surety for Landmark, for payment of the monies owed to Pioneer by Landmark.  A true and correct copy of the Summons and Complaint is attached hereto as Exhibit B.

7.      On or about June 19, 2002, Landmark filed a Third Party Complaint against Pioneer and several other Third Party Defendants for indemnification and/or contribution for Axis' claims against Landmark.  A true and correct copy of the Third Party Complaint is attached hereto as Exhibit C.

8.      Thereafter, Landmark removed Pioneer's state action filed in Nassau County, New York, to the Eastern District of New York.

9.      Pioneer now files this Motion to Dismiss Landmark's Third Party Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (2) and (3) and requests this action be

transferred to the already pending action in the District Court for the Eastern District of New York pursuant to 28 U.S.C. §1404(a).

10.     In the Third Party Complaint, Landmark alleges that jurisdiction is proper in the District Court for the Eastern District of Pennsylvania "under 28 U.S.C. §1331 as a result of the diversity of citizenship between the Plaintiff and Defendant in an amount in controversy in excess of $100,000.00." See Exhibit B, paragraph 5.

11.     To create federal question jurisdiction, the federal question must be presented on the face of Landmark's properly pled complaint. Caterpillar Inc. v. Williams, 482 U.S. 386 (1987); Freeman v. Tache, 1997 U.S. Dist. LEXIS 12807 (E.D. Pa. 1997).

12.     In the Third Party Complaint, Landmark has failed to allege the presence of a federal question. Instead, the Third Party Complaint contains causes of actions based on breach of contract, all of which are governed by state law.

13.     Because the face of the Third Party Complaint fails to establish the existence of federal question jurisdiction, jurisdiction is lacking and the Third Party Complaint must be dismissed.

14.     28 U.S.C. §1332(a)(1) provides that district courts have original jurisdiction of all civil actions where the matter in controversy exceeds $100,000 and is between citizens of different states.

15.     In the case of impleader, the Court must determine if it has jurisdiction by diversity by examining the third-party plaintiff and the third-party defendant. Colson v. Colli, 1994 U.S. Dist. LEXIS 15810 (E.D.Pa. 1994).

16.     In the Third Party Complaint, there lacks diversity. In the Third Party Complaint, Landmark is alleged to be a resident of Pennsylvania and Third Party Defendants Hummer

Equipment Co., Inc. and Town Supply Co., Inc. are also alleged to be Pennsylvania residents.

Pioneer is the only non-Pennsylvania resident defendant.  See Exhibit C.

17.    Since Landmark, as Third Party Plaintiff, and Third Party Defendants, Hummer

and Town Supply, are both Pennsylvania residents, then there is a lack of diversity between

citizens from different states and Third Party Complaint must be dismissed.

18.    Where a defendant pleads the affirmative defense of the lack of personal

jurisdiction, the burden shifts to the plaintiff to make a prima facie showing, through affidavits or

other competent evidence, that personal jurisdiction exists.  The Quandel Group v. Chamberlain

Co., Inc., 1999 U.S. Dist. LEXIS 9124 (E.D. Pa. 1999); Fyk v. Roth, 1995 U.S. Dist. LEXIS

1633 (E.D. Pa. 1995); Jaffe v. Julien, 754 F. Supp. 49 (E.D. Pa. 1991).

19.    The plaintiff must show "with reasonable particularity" the contacts between the

defendant and the forum are sufficient to support the exercise of personal jurisdiction.  The

Quandel Group, p. 3; Mellon Bank (East) PSFS, N.A. v. Farino, 960 F.2d 1217 (3rd Cir. 1992).

20.    Pennsylvania's long-arm status permits the exercise of personal jurisdiction over

non-resident defendants as provided by the constitutional limits of the Due Process Clause of the

Fourteenth Amendment. The Quandel Group, at p. 3; See also 42 Pa.C.S.A. §5322(b); Pennzoil,

149 F.3d at 200.

21.    To establish general personal jurisdiction, the non-resident defendant's contacts

with the forum state must be "continuous and substantial."  The Quandel Group, at p. 3;

Pennzoil, 149 F.3d at 200; International Shoe Co. v. Washington, 326 U.S. 310 (1945).

22.    Specific jurisdiction arises from the defendant's forum-related activities.  Burger

King v. Rudzewicz, 471 U.S. 462 (1985); Cooper v. Winpoint Interactive Multimedia Syst.,

1997 U.S. Dist. Lexis 408 (E.D. Pa. 1997).

23.    After evaluating the defendant's contacts with the forum state, the analysis turns to whether exercising jurisdiction comports with the notions of "fair play and substantial justice." Pennzoil, 149 F.3d at 201; Mesalic v. Fiberfloat Co., 897 F.2d 696 (3rd Cir. 1990).  Factors to be considered include: "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shares interest of the several States in furthering fundamental substantive social policies." Rudzewicz, 471 U.S. at 477.

24.    Here, the Court lacks personal jurisdiction over Pioneer because it neither has significant Pennsylvania-related activities nor any continuous or substantial contacts with Pennsylvania.

25.    Pioneer is a New York State corporation with a principal place of business in New York State.  The allegations in the Third Party Complaint do not aver that Pioneer is licensed to do business in Pennsylvania.  Pioneer does not have an office, employees or sales agents in Pennsylvania.  Pioneer does not conduct business in Pennsylvania or advertise in Pennsylvania.

26.    Pioneer filed a Mechanic's Lien in New York. A true and correct copy of the mechanic's lien is attached hereto as Exhibit E.  The payment bond provided by Travelers, as Surety for Axis, who is located in New York State and the payment bond itself concerns the Project which is in New York State. A true and correct copy of the payment bond is attached hereto as Exhibit F.

27.   The only contact Pioneer had with Pennsylvania was the delivery of the windows to Pennsylvania before the windows were transported and installed in the Project in Long Island, New York.  This is the only contact Pioneer has with Pennsylvania and it does not constitute a "significant or continuous" contact with Pennsylvania.

28.   The exercise of jurisdiction over Pioneer by the District Court for the Eastern District of Pennsylvania violates the notions of "fair play and substantial justice." Plaintiff's choice of forum and the burden to defend itself in Pennsylvania is extremely burdensome as all of Pioneer's potential witnesses, employees and relevant documentation are located in the state of New York.  The time and cost associated with traveling to Pennsylvania, permitting its employees to testify in Pennsylvania and hiring local counsel is unduly burdensome.

29.   In addition, Pennsylvania does not have a real interest in this matter as the subcontract dispute is governed by New York law and the Project itself is located in New York. The subcontract between Pioneer and Landmark states that the laws of New York will govern disputes. A true and correct copy of the subcontract is attached hereto as Exhibit D.  To permit Pennsylvania courts to resolve a matter based in New York is not an efficient use of the Pennsylvania court system and could result in conflicting judicial decisions.

30.   The uncontroverted evidence shows that Landmark has not established any facts supporting personal jurisdiction over Pioneer and therefore, the Third Party Complaint must be dismissed.

31.   Pioneer seeks dismissal of Landmark's Third Party Complaint for improper venue pursuant to Federal Rules of Civil Procedure 12(b)(3).  In the alternative, Pioneer also requests transfer of this case to the District Court for the Eastern District of New York, as venue is

properly in the state of New York based upon Pioneer's contacts and where prior related actions

are currently pending.

32.    The burden of proving improper venue is on the defendant.  Grissinger v. Young,

1998 U.S. Dist. LEXIS 9898 (E.D. Pa. 1998); Myers v. American Dental Assoc., 695 F.2d 716

(3rd Cir. 1982).

33.    A valid forum selection clause will be enforced. Jumara v. State Farm Ins. Co., 55

F.3d 873 (3rd Cir. 1995). While the Court may defer to a plaintiff's choice of forum, "such

deference is inappropriate where the plaintiff has already freely contractually chosen an

appropriate venue."  Jumara, 55 F.3d at 880.

34.    The subcontract between Landmark and Pioneer specifically states that all

disputes arising under the subcontract shall be governed by the laws of the State of New York.

See Exhibit D.

35.    The subcontract was signed by Landmark and Pioneer in the State of New York.

Since Landmark explicitly agreed to be bound by the laws of New York as evidenced by its

signature on the subcontract, Landmark should not be able to avoid its agreement by filing suit in

an improper venue.

36.    In the Third Party Complaint, Landmark alleges that venue is proper in the

Eastern District of Pennsylvania based on 28 U.S.C. §1391 as this is a judicial district where at

least one Third Party Defendant resides and is the location where a substantial part of the

relevant events occurred.  See Exhibit C, paragraph 6.

37.    Landmark's allegation is a misapplication of 28 U.S.C. §1391(a)(1) and (a)(2).

38.    For the purpose of determining venue, a defendant corporation is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. §1391(c).

39.    Here, since Pioneer is a corporation, Pioneer's residence is New York as it is subject to personal jurisdiction in New York and not Pennsylvania.

40.    Under 28 U.S.C. §1391(a)(1), venue is proper in a judicial district where any defendant resides, if all defendants reside in the same State.

41.    Here, all of the Third Party Defendants do not reside in Pennsylvania so the requirements of 28 U.S.C. §1391(a)(1) are not met.  Pioneer is a Third Party Defendant who resides in New York while the other two Third Party Defendants reside in Pennsylvania.

42.    Landmark's second basis for venue in Pennsylvania is 28 U.S.C. §1391(a)(2) as Landmark alleges Pennsylvania as the location where a substantial part of the relevant events occurred.

43.    Contrary to Landmark's allegations, New York, not Pennsylvania, is the location where a substantial part of the relevant events occurred.  The Project is located in Long Island, New York.  Pioneer is also asserting a claim against Landmark's Surety, Travelers, for non-payment.  Travelers is located in New York.  Axis, the Prime Contractor for the Project, is located in New York.  The majority of potential witnesses, from both Pioneer's offices, Travelers' offices, Axis' offices and the staff of the school district which owns the Project, are all located in New York.

44.    The Court will transfer a case to the venue where a substantial part of the events occurred.  See Grissinger v. Young, 1998 U.S. Dist. LEXIS 9898 (E.D.Pa. 1998).  Therefore, this case should be transferred to New York.

45.     Venue is not proper in Pennsylvania because there is no personal jurisdiction over Pioneer in Pennsylvania.  Where there is no personal jurisdiction over the defendant, venue is not proper.  The Quandel Group, p. 6.

46.     Pioneer does not have any contacts or connection with Pennsylvania.  Since Pennsylvania does not have personal jurisdiction over Pioneer, venue is not proper in Pennsylvania and this case must be dismissed.

47.     In the alternative, this case must be transferred to New York.  The court may still transfer an improperly venued matter even in the absence of personal jurisdiction.  Sidari v. Caesar's Pocono Resorts, 2002 U.S. App. LEXIS 3597 (3rd Cir. 2002).

48.     Under 28 U.S.C. §1404(a), the district court may transfer a suit to any other district where it might have been brought if the transfer provides greater convenience for the parties and witnesses and serves the interest of justice.

49.     The plaintiff's choice of forum is a "paramount consideration" when deciding on a motion to transfer pursuant to 28 U.S.C. §1404.  Krupp International Inc. v. Yarn Industries, Inc., 615 F. Supp. 1103 (Dela. 1985).

50.     The moving party has the burden of showing that a balancing of proper interests weighs strongly in favor of the transfer.  Id., Shutte v. Armco Steel Co., 431 F.2d 22 (3rd Cir. 1970).  However, where the plaintiff filed suit in a form which is not its "home turf" and has no connection with the facts of the suit, then the defendant has a lesser burden of showing that the balance of convenience favors transfer as the convenience to the plaintiff of litigating in its choice of forum is not as great.  Id., at 1106-7.

51.     The factors to be considered for transfer include the plaintiff's choice of forum; availability and convenience of the parties and witnesses; the location and ease of obtaining

relevant proof; the possibility of view the premises if appropriate; quick resolution of the case; and whether justice would be better served by transfer to a different forum. Consolidated Rail Co. v. New England Central Railroad, Inc., 23 F.Supp.2d 549 (E.D. Pa. 1998); Jumara, 55 F.3d at 880.

52. In this case, the factors supporting transfer of this case to New York greatly outweigh the factors supporting non-transfer. Pioneer's office and all of its employees who are knowledgeable about the Project are located in New York. The Project itself is located in New York. Landmark and Pioneer have explicitly agreed that the laws of New York would govern all disputes arising from the subcontract. Travelers and Axis, parties to the proceedings, are located in New York. The majority of potential witnesses, from both Pioneer's offices, Travelers' offices, Axis' offices and the staff of the school district which owns the Project, are all located in New York. The District Court in New York would be in a better position to apply the laws of New York to the claims in dispute here. Pioneer is also over 100 miles away from the District Court of Pennsylvania and is not within the subpoena power of the Court.

53. The only factor in support of retaining this matter in Pennsylvania is that two of the Third Party Defendants are located in Pennsylvania. However, both Third Party Defendants performed work on the Project in New York and it is this work that is in dispute.

54. Therefore, this case should be transferred to the District Court for the Eastern District of New York because the factors supporting transfer greatly outweigh the factors against transfer.

55. The transfer of this case to New York is also appropriate because there is related litigation already pending in both the state courts of New York and in the federal courts of New York.

56.    The "first-filed" rule, a judicially-created doctrine, was designed to avoid concurrent litigation on the same issue between the same parties in more than one federal court. EEOC v. Univ. of Penn., 850 F.2d 969 (3rd Cir. 1988).  Under this rule, the later-filed action should be stayed pending the resolution of the earlier filed action or transfer the matter to the court overseeing the pending earlier-filed action.  Peregrine Co. v. Peregrine Indus., Inc., 769 F. Supp. 169 (E.D. Pa. 1991).

57.    In this case, the first-filed action was performed by Pioneer when it filed a Summons and Complaint in the Supreme Court of the State of New York, County of Nassau, on or about June 10, 2002.  See Exhibit B.  Thereafter, Landmark removed the state action to the United States District Court for the Eastern District of New York.

58.    The second-filed suit is this action in Pennsylvania.  Unbeknownst to Pioneer, Axis filed suit against Landmark and several other defendants in the United States District Court for the Eastern District of New York for claims arising out of Landmark's performance of the subcontracts.  See Exhibit A.  On or about June 19, 2002, Landmark filed a Third Party Complaint against Pioneer and several other Third Party Defendants for indemnification and/or contribution for Axis' claims against Landmark.  See Exhibit C.

59.    Under the "first-filed" rule, Pioneer's state action was the first filed suit.  The Pennsylvania actions must be transferred to New York under the "first-filed" rule.

60.    Furthermore, a review of the claims asserted in all of these actions arise out of the same common nucleus of operative facts.  All of the claims are based in breach of contract relating to the construction of two schools in New York.

61.    Since the first action was filed in New York and where the Pennsylvania courts do not have jurisdiction over Pioneer and are not the proper venue of this case, all actions currently

filed in the District Court for the Eastern District of Pennsylvania should be transferred to the

District Court for the Eastern District of New York.

WHEREFORE, Pioneer respectfully requests dismissal of Landmark's Third Party

Complaint.  In the alternative, Pioneer respectfully requests transferring this matter to the District

Court for the Eastern District of New York.


Respectfully submitted,


FINEMAN & BACH, P.C.
1608 Walnut Street, 19th Floor
Philadelphia, PA 19103-5413
Telephone: 215-893-9300


BY:_____
    DREW S. DORFMAN, ESQUIRE
    Attorney I.D. No.:  15753

Dated:

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AXIS CONSTRUCTION CORP.** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **LANDMARK BUILDING SYSTEMS,** | : | **NO.  02-CV-3017** |
| **INC. and** | : | |
| **DOUGLAS GEORGE,** | : | |
| **Defendants** | : | |
| **and** | : | |
| **JOHN J. DELANEY, JR., ESQUIRE and** | : | |
| **FRANCIS X. CLARK, ESQUIRE,** | : | |
| **Nominal Defendants** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **v.** | : | |
| | : | |
| **HUMMER EQUIPMENT CO., INC.,** | : | |
| **TOWN SUPPLY COMPANY, INC. and** | : | |
| **PIONEER WINDOWS, INC.,** | : | |
| **Third Party Defendants** | : | |

**<u>CERTIFICATE OF SERVICE</u>**

I, Drew S. Dorfman, Esquire, hereby certify that a true and correct copy of the foregoing

Motion to Dismiss the Third Party Complaint of Third Party Defendant Pioneer Windows, Inc.,

was served on _____, 2002, by first class United States mail, postage pre-paid, upon the

following:

Francis X. Clark, Esquire
The Woods, Suite 705
987 Old Eagle School Road
Wayne, PA  19087
Attorney for Landmark Building Systems, Inc.
Attorney for Douglas George
and Pro Se

John J. DeLaney, Jr., Esquire
Cooper, Rose & English, LLP
480 Morris Avenue
Summit, New Jersey  07901-1527
Pro Se


Hummer Equipment Co, Inc.
110 Agnes Street
Harrisburg, PA  17104
Defendant


Town Supply Company, Inc.
101 Buchanan Street
Phoenixville, PA  19460
Defendant


David R. Moffitt, Esquire
Saul Ewing, LLP
Centre Square West, 38th Floor
1500 Market Street
Philadelphia, PA  19102
Attorney for Axis Construction Co.




BY:_____
                DREW S. DORFMAN, ESQUIRE

Dated: