**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AXIS CONSTRUCTION CORP. | : | CIVIL ACTION |
|     Plaintiff | : | |
| vs. | : | |
| | : | |
| LANDMARK BUILDING SYSTEMS, INC. and | : | |
| DOUGLAS GEORGE | : | NO. 02-CV-3017 |
|     Defendants | : | |
| and | : | |
| JOHN J. DELANEY, JR., ESQUIRE and | : | |
| FRANCIS X. CLARK, ESQUIRE | : | |
|     Nominal Defendants | : | JURY TRIAL DEMANDED |
| | : | |
| LANDMARK BUILDING SYSTEMS, INC. | : | |
|     Third Party Plaintiff | : | (Judge Shiller) |
| vs. | : | |
| | : | |
| HUMMER EQUIPMENT CO., INC., TOWN SUPPLY COMPANY, INC. and PIONEER WINDOWS, INC. | : | |
|     Third Party Defendants | : | |

**MOTION OF THIRD PARTY DEFENDANT,
HUMMER EQUIPMENT CO., INC., TO DISMISS THE THIRD PARTY
COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**

AND NOW, comes the third-party defendant, Hummer Equipment Co., Inc. ("Hummer"), by and through its counsel, Keefer Wood Allen & Rahal, LLP, and files this motion to dismiss the third party complaint as to Hummer pursuant to Fed. R. Civ. P. 12(b)(1),

averring as follows:

1. The complaint filed by Axis Construction Corporation ("Axis") against Landmark Building Systems, Inc. ("Landmark") asserts diversity jurisdiction on the basis that there is diversity of citizenship and that the matter in controversy exceeds $100,000 (sic $75,000), exclusive of interest and costs, pursuant to 28 U.S.C. § 1332(a).

2. That complaint asserts causes of action against Landmark for the Yonkers Project and the Plainedge Project.

3. The amounts contended by Axis that are owed to Landmark on the Yonkers Project are $33,000 remaining in the escrow account (¶ 20(d)), and a claim for $16,493 (Count VII, ¶ 72).

4. The total amount presently asserted by Axis against Landmark on the Yonkers Project is $49,493 ($33,000 from escrow + $16,493 for additional work).

5. The remainder of the case in controversy between Axis and Landmark, to meet the $75,000 threshold for diversity jurisdiction, is comprised of claims by Axis against Landmark on the Plainedge Project.

6. Landmark in its third party complaint, attempts to join Hummer and two other third party defendants, but asserts Hummer was involved only in the Yonkers Project (¶¶ 11-17). Further, Landmark avers that as a result of the failure of the HVAC equipment at the Yonkers Project to function properly, Axis has withheld payment of the $33,000 in escrow and Axis, Landmark and Hummer have asserted claims for backcharges slightly in excess of $35,000,

which includes the $16,493 backcharge for Axis.

7. The only claims for indemnification allowed in the third party complaint are for those funds that Landmark would be required to pay Axis, as a result of an action or inaction by Hummer.

8. In essence, the only amount in controversy between Axis and Landmark on the Yonkers Project for which Hummer could be liable over to Landmark on claims made in the original complaint is $49,493.

9. Therefore, there is no independent underlying diversity jurisdiction between Axis and Landmark as it relates to the Yonkers Project for which Hummer could be joined as a third party defendant.

10. While there need not be an independent basis for diversity jurisdiction on the third party complaint between Landmark and Hummer, if supplemental jurisdiction exists, in order for supplemental jurisdiction to lie there must be a basis for subject matter jurisdiction in the underlying claim as it relates to the claims that pertain to that particular third party defendant (*i.e.*, Hummer).

11. In the instant case, it is clear that there is no independent diversity jurisdiction between Landmark and Hummer. Therefore, the third party complaint, if it is to be permitted, can only be predicated on supplemental jurisdiction.

12. In order for supplemental jurisdiction to be proper, the claim or claims between

Axis and Landmark that relate to Hummer (*i.e.*, the Yonkers Project) must have an independent basis for subject matter jurisdiction. In this instance, they do not, since the claims Axis asserts against Landmark on the Yonkers Project alone do not exceed $75,000.

  13. Further, it is well established that diversity jurisdiction requires complete diversity between the parties opposed in interest.

  14. In the instant case, Landmark and Hummer are both Pennsylvania residents. Therefore, complete diversity does not exist.

  15. Therefore, supplemental jurisdiction cannot be applied to Hummer in the instant case and the third party complaint by Landmark against Hummer must fail for lack of subject matter jurisdiction.

  WHEREFORE, Hummer respectfully requests that this Honorable Court dismiss the third party complaint of Landmark as it relates to Hummer Equipment Co., Inc.

            Respectfully submitted,

            KEEFER WOOD ALLEN & RAHAL, LLP

Dated: August _____, 2002    By_____
            STEPHEN L. GROSE
            Attorney I.D. #31006
            210 Walnut Street
            P.O. Box 11963
            Harrisburg, PA  17108-1963
            (717) 255-8052

            Attorneys for Hummer Equipment Co., Inc.

## CERTIFICATE OF SERVICE

I, Stephen L. Grose, Esquire, one of the attorneys for defendant, Hummer Equipment Co., Inc., hereby certify that I have served the foregoing paper upon counsel of record this date by depositing a true and correct copy of the same in the United States mail, first-class postage prepaid, addressed as follows:

Francis X. Clark, Esquire
Francis X. Clark, PC
The Woods, Suite 705
987 Old Eagle School Road
Wayne, PA 19087

Edward Seglias, Esquire
Cohen, Seglias Pallas Greenhall
& Furman, PC
11th Floor, 1515 Market Street
Philadelphia, PA 19102

David R. Moffitt, Esquire
Saul Ewing, LLP
Centre Square West, 38th Floor
1500 Market Street
Philadelphia, PA 19102

Anthony Ross, President
Pioneer Windows, Inc.
15 Frederick Place
Hicksville, NY 11801

John J. DeLaney, Jr., Esquire
Cooper Rose & English, LLP
480 Morris Avenue
Summit, NJ 07901-1527

KEEFER WOOD ALLEN & RAHAL, LLP


By_____
      Stephen L. Grose

Dated: August ____, 2002