## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AXIS CONSTRUCTION CORP., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| LANDMARK BUILDING SYSTEMS, INC., and DOUGLAS GEORGE, | : | No. 02-CV-3017 |
| | : | |
| Defendants, | : | **JURY TRIAL DEMANDED** |
| and | : | |
| | : | |
| JOHN J. DELANEY, JR., ESQUIRE, and FRANCIS X. CLARK, ESQUIRE, | : | |
| | : | |
| Nominal Defendants, | : | |
| v. | : | |
| | : | |
| HUMMER EQUIPMENT CO., INC., TOWN SUPPLY COMPANY, INC., and PIONEER WINDOWS, INC., | : | |
| | : | |
| Third Party Defendants. | : | |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF
THIRD PARTY DEFENDANT, TOWN SUPPLY COMPANY, INC.**

Third Party Defendant Town Supply Company, Inc. ("Town Supply"), by and through its attorneys, Cohen, Seglias, Pallas, Greenhall & Furman, P.C., files the within Answer, Affirmative Defenses, and Counterclaim, stating as follows:

**Answer**

1. After reasonable investigation, Town Supply is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 1.

2. After reasonable investigation, Town Supply is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 2.

3. Admitted.

4. After reasonable investigation, Town Supply is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 4.

5. Personal jurisdiction is admitted. Subject matter jurisdiction is denied.

6. Venue is admitted. The balance of the averments of paragraph 6 are denied for the reason that, after reasonable investigation, Town Supply is without knowledge or information sufficient to form a belief as to the truth of said averments.

7. Admitted.

8. Denied for the reason that, as a writing, Axis Construction Corp.'s ("Axis'") Complaint speaks for itself.

9. Admitted.

10. Admitted in part and denied in part. It is admitted that Landmark Building Systems, Inc. ("Landmark") filed a Third Party Complaint against, among others, Town Supply. The averment that the Third Party Complaint conforms to Fed. R. Civ. P. 14 is a legal conclusion for which no response is required, and said averment is therefore denied. After reasonable investigation, Town Supply is without knowledge or information sufficient to form a belief as to the truth of the averments regarding the alleged liability of the Third Party Defendants other than Town Supply. The balance of the averments of paragraph 10, concerning the alleged liability of Town Supply, are denied.

11. After reasonable investigation, Town Supply is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 11.

12. After reasonable investigation, Town Supply is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 12.

13. After reasonable investigation, Town Supply is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 13.

14. After reasonable investigation, Town Supply is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 14.

15. After reasonable investigation, Town Supply is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 15.

16. After reasonable investigation, Town Supply is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 16.

17. After reasonable investigation, Town Supply is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 17.

18. After reasonable investigation, Town Supply is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 18.

19. Admitted in part and denied in part. It is admitted that Landmark and Town Supply are parties to an agreement whereby Town Supply would supply certain doors, frames, and hardware for the Schwarting Elementary School and the John West Elementary School in the Plainedge Union Free School District, Long Island, New York. It is denied that Landmark issued a purchase order to Town Supply.

20. After reasonable investigation, Town Supply is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 20.

21. After reasonable investigation, Town Supply is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 21.

22. After reasonable investigation, Town Supply is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 22.

23. After reasonable investigation, Town Supply is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 23.

24. After reasonable investigation, Town Supply is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 24.

25. Denied. It is denied that Town Supply failed and refused to correct alleged deficiencies with the door frames and hardware. To the contrary, although field adjustments to the some of the doors were required, Landmark precluded Town Supply from performing any adjustments. Further to the contrary, upon information and belief, Axis performed all of the field adjustments. After reasonable investigation, Town Supply is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments of paragraph 25.

26. Denied. It is denied that Town Supply's payment bond claim was improper. To the contrary, the Town Supply's payment bond claim was proper. After reasonable investigation, Town Supply is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments of paragraph 26.

27. Denied. The averments of paragraph 27 are legal conclusions, for which no response is required.

### Count I: Landmark v. Hummer

28. Town Supply incorporates paragraphs 1-27 as though more fully set forth herein.

29.-34. The averments of paragraphs 29-34 are directed to Additional Defendants other than Town Supply; therefore, no response is required from this Additional Defendant.

WHEREFORE, Additional Defendant Town Supply Company, Inc., demands judgment in its favor and against Third Party Plaintiff Landmark Building Systems, Inc., together with costs of suit, expenses, interest, attorney's fees, and all other relief demanded in its Counterclaim.

## Count II: Landmark v. Town Supply

35. Town Supply incorporates paragraphs 1-34 as though more fully set forth herein.

36. Admitted in part and denied in part. It is admitted that Town Supply and Landmark are parties to an agreement whereby Town Supply would supply certain doors, frames, and hardware for the Schwarting Elementary School and the John West Elementary School in the Plainedge Union Free School District, Long Island, New York. It is denied that Town Supply and Landmark are parties to a "subcontract." To the contrary, the agreement between Town Supply and Landmark consists of, among other things, Town Supply's August 29, 2001 Quote # 01-087 (Revised), Town Supply's August 29, 2001 Change Order # 1, Town Supply's September 13, 2001 Change Order # 2, Landmark's oral acceptance and direction to proceed in or about August 2001, and Landmark's February 16, 2001 Credit Application to Town Supply. It is denied that the door frames and hardware do not operate as intended. To the contrary, after adjustments were made to the doors, the materials supplied by Town Supply operated as intended.

37. Denied.

38. Admitted in part and denied in part. It is admitted that Landmark made demands upon Town Supply to correct alleged deficiencies regarding the door frames and hardware. It is denied that said door frames and hardware were defective. To the contrary, after adjustments were made to the doors, the materials supplied by Town Supply operated as intended. Further to the contrary, Town Supply is not aware of any alleged deficiencies regarding the hardware.

39. Denied. It is denied that Town Supply "repeatedly acknowledged that its materials were defective ... ." To the contrary, field adjustments to the some of the doors were required, and Landmark precluded Town Supply from performing any adjustments. By way of further response, upon information and belief, Axis performed all of the field adjustments. It is denied that Town

Supply "failed and refused to repair, replace[,] or correct the defective door frames and hardware or pay costs ... ." To the contrary, after adjustments were made to the doors, the materials supplied by Town Supply operated as intended. Further to the contrary, Town Supply is not aware of any alleged deficiencies regarding the hardware.

40. Denied. It is denied that Town Supply breached its agreement with Landmark. To the contrary, Landmark has breached the agreement with Town Supply by failing and refusing, upon demand, to make payment to Town Supply for the materials it supplied, and the work it performed. After reasonable investigation, Town Supply is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments of paragraph 40.

41. After reasonable investigation, Town Supply is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 41. By way of further response, any damages allegedly suffered by Landmark are the direct and foreseeable result of its own action or inaction.

WHEREFORE, Additional Defendant Town Supply Company, Inc., demands judgment in its favor and against Third Party Plaintiff Landmark Building Systems, Inc., together with costs of suit, expenses, interest, attorney's fees, and all other relief demanded in its Counterclaim.

## Count III: Landmark v. Pioneer Windows

42. Town Supply incorporates paragraphs 1-41 as though more fully set forth herein.

43.-48. The averments of paragraphs 43-48 are directed to Additional Defendants other than Town Supply; therefore, no response is required from this Additional Defendant.

WHEREFORE, Additional Defendant Town Supply Company, Inc., demands judgment in its favor and against Third Party Plaintiff Landmark Building Systems, Inc., together with costs of suit, expenses, interest, attorney's fees, and all other relief demanded in its Counterclaim.

**Affirmative Defenses**

By way of Affirmative Defenses, Town Supply Company, Inc. avers the following:

1. Landmark's Third Party Complaint fails to state claims upon which relief can be granted.

2. Landmark's claims against Town Supply are barred due to the lack of subject matter jurisdiction.

3. Landmark's claims are barred by the doctrine of waiver.

4. Landmark's claims are barred by the doctrine of estoppel.

5. Landmark's claims are barred by the doctrine of unclean hands.

6. Landmark's claims are barred by the Statute of Frauds.

7. Landmark's claims are barred or diminished by its own contributory and/or comparative negligence.

8. Landmark's claims are barred by the terms and conditions of the agreement between Town Supply and Landmark.

9. Landmark's claims are barred or diminished by its failure to mitigate its alleged damages.

10. Landmark accepted the goods supplied by Town Supply.

**Counterclaim**

By way of Counterclaim, Town Supply Company, Inc. avers the following:

1. Counterclaim Plaintiff, Town Supply Company, Inc. ("Town Supply"), is a Pennsylvania corporation, with its principal place of business located at 101 Buchanan Street, Phoenixville, Pennsylvania, 19460.

2. Counterclaim Defendant, Landmark Building Systems, Inc. ("Landmark"), is, upon information and belief, a Pennsylvania corporation, with its principal place of business located at Laurel Street and West Crane Road, Pottstown, Pennsylvania, 19464.

3. Landmark and Town Supply are parties to an agreement ("the parties' Agreement") whereby Town Supply agreed to supply certain doors, frames, and hardware for the Schwarting Elementary School and the John West Elementary School in the Plainedge Union Free School District, Long Island, New York ("the Project"), in consideration of the base contract price of $77,500.00, subject to contract additions and deletions.

4. Upon information and belief, Landmark was a subcontractor to Axis Construction Corp. ("Axis"), the general contractor for the Project.

5. The parties' Agreement consists of Town Supply's August 29, 2001 Quote # 01-087 (Revised), Town Supply's August 29, 2001 Change Order # 1, Town Supply's September 13, 2001 Change Order # 2, Landmark's oral acceptance and direction to proceed in or about August 2001, Landmark's February 16, 2001 Credit Application to Town Supply, and other written and oral modifications.

6. The final, adjusted contract price for all of Town Supply's work under the parties' Agreement was $94,510.

7. Town Supply supplied the certain doors, frames, and hardware in accordance with the parties' Agreement.

8. Landmark made payment to Town Supply in the amount of $67,250.

9. Despite Town Supply's performance, Landmark has failed and refused, upon demand, to make payment to Town Supply for the balance that is due and owing in the amount of $27,260.

10. All conditions precedent have been performed or have occurred.

### Count I:  Breach of Contract

11. Town Supply incorporates paragraphs 1-10 of its Counterclaim as though more fully set forth herein.

12. Landmark materially breached the parties' Agreement by failing and refusing to make payment to Town Supply for the balance that is due and owing in the amount of $27,260.

13. The parties' Agreement, specifically Landmark's February 16, 2001 Credit Application to Town Supply, provides, among other things, that Town Supply is also entitled to interest, court costs, expenses, and attorney's fees upon Landmark's failure to make payment for amounts due and owing to Town Supply.

WHEREFORE, Third Party Defendant/Third Party Counterclaim Plaintiff, Town Supply Company, Inc., demands judgment in its favor and against Third Party Plaintiff/Counterclaim Defendant, Landmark Building Systems, Inc. in the amount of 27,260.00, together with costs of suit, expenses, interest, attorney's fees, and all other relief that the Court deems appropriate.

### Count II: Unjust Enrichment

In the alternative to Count I, Town Supply avers the following:

14. Town Supply incorporates paragraphs 1 and 2 of its Counterclaim as though more fully set forth herein.

15. At the request of Landmark, Town Supply supplied certain doors, frames, and hardware to Landmark for incorporation into the Schwarting Elementary School and the John West Elementary School in the Plainedge Union Free School District, Long Island, New York.

16. Town Supply conferred a benefit upon Landmark by supplying said doors, frames, and hardware, and Landmark received, accepted, and retained said benefit.

17. The value of the doors, frames, and hardware that Town Supply supplied to Landmark

was $94,510.

18. Landmark has made payment to Town Supply in the amount of $67,250.00, but has failed and refused to make payment to Landmark in the amount of $27,260.

19. It would be unjust for Landmark to retain the benefit conferred by Town Supply without making payment of $27,260.

WHEREFORE, Third Party Defendant/Third Party Counterclaim Plaintiff, Town Supply Company, Inc., demands judgment in its favor and against Third Party Plaintiff/Counterclaim Defendant, Landmark Building Systems, Inc. in the amount of 27,260.00, together with costs of suit, and all other relief that the Court deems appropriate.

### Count III: Conversion

20. Town Supply incorporates paragraphs 1-10 of its Counterclaim as though more fully set forth herein.

21. Upon information and belief, the general contractor for the Project, Axis, made payment to Landmark for all of the materials supplied by Town Supply.

22. Landmark failed and refused, upon demand, to make payment in the amount of $27,260.00 to Town Supply for the materials it supplied.

23. Landmark has deprived Town Supply of its property right in, and the use and possession of, the money that Landmark received for the materials supplied by Town Supply.

24. Town Supply did not consent to Landmark's retention of the money that it received from Axis for the materials supplied by Town Supply.

25. Landmark is without lawful justification for the retention of the money that it received from Axis for the materials supplied by Town Supply.

26. Landmark's conduct in retaining the money that was due and owing to Town Supply

was outrageous, with an evil motive or reckless indifference to Town Supply's rights.

WHEREFORE, Third Party Defendant/Third Party Counterclaim Plaintiff, Town Supply Company, Inc., demands judgment in its favor and against Third Party Plaintiff/Counterclaim Defendant, Landmark Building Systems, Inc. in the amount of $27,260.00, together with costs of suit, punitive damages, and all other relief that the Court deems appropriate.

### Count IV: Pennsylvania's Contractor and Subcontractor Payment Act

27.     Town Supply incorporates paragraphs 1-10 of its Counterclaim as though more fully set forth herein.

28.     Pennsylvania's Contractor and Subcontractor Payment Act, 53 P.S. § 501 et seq. ("Payment Act"), provides, in part, that Landmark is required to make payment to Town Supply fourteen days after receipt of payment from the owner, Axis.

29.     The Payment Act provides, in part, that if Landmark failed to disclose to Town Supply the due date for receipt of payment from the owner of the Project before the parties' Agreement was formed, Landmark would be obligated to make payment to Town Supply even if Landmark did not receive payment from the owner.

30.     In violation of the Payment Act, Landmark did not disclose to Town Supply the due date for receipt of payment from the owner.

31.     In violation of the Payment Act, Landmark has failed and refused, upon demand, to make payment to Town Supply, in the amount of $27,260.

32.     The Payment Act entitles Town Supply to interest, penalties, and attorney's fees for Landmark's violations.

WHEREFORE, Third Party Defendant/Third Party Counterclaim Plaintiff, Town Supply Company, Inc., demands judgment in its favor and against Third Party Plaintiff/Counterclaim

Defendant, Landmark Building Systems, Inc. in the amount of $27,260.00, together with costs of suit, interest, penalties, attorney's fees, and all other relief that the Court deems appropriate.

                                                          Respectfully submitted,

                                                          COHEN, SEGLIAS, PALLAS, GREENHALL
                                                           & FURMAN, P.C.

                                                        By: _____
                                                             Edward Seglias
                                                          1515 Market Street, 11th Floor
                                                          Philadelphia, PA 19102

Dated: August 20, 2002                    (215) 564-1700

A:\Town Supply Answer.wpd

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Answer, Affirmative Defenses, and Counterclaim of Third Party Defendant Town Supply Company, Inc.*, was served on the 20th day of August, 2002, by United States First Class Mail, postage prepaid, upon the following:

Francis X. Clark, Esquire
Francis X. Clark, P.C.
987 Old Eagle School Road, Suite 705
Wayne, PA 19087
*(Attorneys for Defendant Landmark Building Systems, Inc., and Nominal Defendant Douglas George)*

David R. Moffitt, Esquire
Saul Ewing, LLP
1500 Market Street
38th Floor, Centre Square West
Philadelphia, PA 19102
*(Attorneys for Plaintiff Axis Construction Corp.)*

Francis X. Clark, Esquire
Francis X. Clark, P.C.
987 Old Eagle School Road, Suite 705
Wayne, PA 19087
*(Nominal Defendant)*

Hummer Equipment Co., Inc.
110 Agnes Street
Harrisburg, PA 17104
*(Third Party Defendant)*

Pioneer Windows, Inc.
15 Frederick Place
Hicksville, NY 11801
*(Third Party Defendant)*

_____
Edward Seglias