**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


AXIS CONSTRUCTION CORP.              : CIVIL ACTION
                          Plaintiff      :
                    v.                :
LANDMARK BUILDING SYSTEMS,   :
INC., et al.                                    :  NO. 02-3017
      Defendants/Third Party Plaintiffs  :
                    v.                :
PIONEER WINDOWS, INC., et al.        :
      Third Party Defendants        :


**O R D E R**


AND NOW, this         day of                                        , 2002, upon consideration

of the Motion of Defendant and Third Party Plaintiff, Landmark Building Systems, Inc.,

for Enlargement of Time of the Court's Trial Scheduling Order entered November 18,

2002, it is hereby ORDERED that said Motion be and here by is GRANTED and that the

deadlines set forth in this Court's Scheduling Order shall be extended by sixty (60) days.


                         BY THE COURT:


                         _____

                         Berle Schiller, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AXIS CONSTRUCTION CORP. | : CIVIL ACTION | |
| Plaintiff | : | |
| v. | : | |
| LANDMARK BUILDING SYSTEMS, | : | |
| INC., et al. | : NO. 02-3017 | |
| Defendants/Third Party Plaintiffs | : | |
| v. | : | |
| PIONEER WINDOWS, INC., et al. | : | |
| Third Party Defendants | : | |

**MOTION OF DEFENDANT, LANDMARK BUILDING SYSTEMS, INC.,
FOR ENLARGEMENT OF TIME OF
TRIAL SCHEDULING ORDER FOR CAUSE**

Defendant and Third Party Plaintiff, Landmark Building Systems, Inc.

("Landmark") hereby moves this Court for Enlargement of Time on its Trial Scheduling

Order of November 18, 2002 for cause as follows:

1.      Landmark is a subcontractor to Plaintiff, Axis Construction Corp. ("Axis")

to manufacture and supply modular building classroom units to two schools for a School

District in Nassau County, Long Island known as the Plainedge Project.

2.      During the course of 2001, a series of disputes arose between Axis and

Landmark concerning payment due to Landmark for modular classroom units which it

manufactured and provided to Axis.

3.      As a result, on December 18, 2001, Landmark and Axis entered into a
Settlement and Escrow Agreement calling for the release of funds to Landmark upon
completion of various milestones for Landmark's work on the Plainedge Project.

4.      Axis originally brought this case to set aside the terms of that Settlement
and Escrow Agreement on January 18, 2002, only one (1) month after it entered into the
agreement with Landmark and before work on the Plainedge Project had even been
completed.

5.      Axis never notified Landmark of that suit, however, or served it with a copy
of its original Complaint, as a result of which the action was dismissed, without prejudice,
in May, 2002, following which Axis immediately recommenced the suit under the above
caption and docket number, once again, before work on the Plainedge Project had been
completed.

6.      As Axis' claims against Landmark involved three (3) of Landmark's
subcontractors for the projects that it performed for Axis, Landmark joined Town Supply
Company, Inc. ("Town"), Pioneer Windows, Inc. ("Pioneer") and Hummer Equipment
Co., Inc. ("Hummer") as Third Party Defendants to this action.

6.      A scheduling conference was held before the Honorable Judge Berle
Schiller of this Court on August 22, 2002, following which the case was referred to U.S.
Magistrate Judge Jacob P. Hart to sort out and attempt to settle the claims among the
various parties to the case.

7.      An initial settlement conference was held before the Honorable Judge Hart on October 17, 2002, following which the parties were directed to return with their principals on October 22, 2002.

8.      On October 22, 2002, with the assistance of Judge Hart, the parties worked out an interim settlement agreement under which sums would be released from the escrow to pay disputed claims of Landmark's subcontractors and to negotiate terms for Pioneer to return and perform corrective work, following which those Third Party Defendants would be dismissed from this litigation.

9.      At that time, the parties represented to the Court that, once all of the subcontractor claims had been dismissed, any remaining disputes between Axis and Landmark would be referred to common law arbitration before an arbitrator experienced in the resolution of construction disputes.

10.     Following that interim settlement agreement, claims of Town, Hummer and Pioneer have been wholly or partially addressed and resolved.

11.     At this point, Hummer has been dismissed as a Third Party Defendant to this case, Pioneer is under a written settlement agreement which will cause its dismissal as a party Defendant upon completion of various work and a settlement has been reached as to the amount of payment to be made to Town but not as to the source of those funds.

12.     At the time that agreement with Pioneer was being negotiated, however, the parties held a conference call with the Honorable Jacob Hart on November 15, 2002 concerning payment of minor sums for corrective work which were in dispute at that time, at which point Judge Hart concluded the case could not be settled and referred the matter back to Judge Schiller.

13.     This Court therefore issued a Scheduling Order on November 18, 2002, which directed the parties to complete discovery by the end of December, 2002 and to prepare the case for a jury trial on Monday, March 24, 2003.  A true and correct copy of said Scheduling Order is attached hereto as Exhibit "A".

14.     As indicated above, after that conference call and the Court's Scheduling Order was issued, the parties continued to work together and resolved the remaining dispute as to payment for Pioneer's corrective work, which resulted in a signed Settlement Agreement on November 22, 2002 calling for various corrective work to be completed by Pioneer and the release of payment for Pioneer's work from the escrow fund following its completion and Pioneer's warranty of its work.

15.     Judge Hart was informed of the continuing efforts of the parties to resolve this case in accordance with the interim Settlement Agreement negotiated with the Court as of October 22, 2002.

16.     It was therefore the understanding of the parties and Judge Hart that, once

the Pioneer settlement had been concluded, the remaining disputes between Axis and

Landmark would be referred to a common law arbitration.

17.     On December 16, 2002, however, Axis served notices of deposition of the

principals of Landmark, notwithstanding its previous consent to refer all remaining claims

between Axis and Landmark to common law arbitration.

18.     At a conference call with Judge Hart on December 19, 2002, Axis informed

the Court and the parties, for the first time, that it would not proceed with arbitration but

intended to undertake discovery and proceed to trial in this case.

19.     As a result of the previous representations made by Axis concerning its

willingness to consent to arbitration, however, Landmark has not taken any discovery to

date on backcharges which Axis seeks to enforce against Landmark which exceed

$200,000.00.

20.     These backcharges are complex and little or no back up information or

documentation has ever been furnished by Axis to support its claim for those

backcharges.

21.     Under the Court's Scheduling Order of November 18, 2002, the discovery

deadline for this case will expire on December 31, 2002.

22.     Landmark requests enlargement of the Court's deadlines set forth in its

Scheduling Order in the amount of sixty (60) days in order to obtain and review the back

up documentation for Axis' backcharges which is necessary to conduct adequate

depositions of Axis' representatives as to the basis and amounts of those backcharges.

23.    As Landmark had no previous notice that Axis would renege on its consent

to submit this matter to arbitration before December 19, 2002 and that Axis would

demand a trial on its claims against Axis in this case, there is adequate cause for a brief

enlargement of sixty (60) days of the deadlines set forth in this Court's Scheduling Order

of November 18, 2002.

24.    This is the first enlargement of time on this Court's Scheduling Order which

has been requested by Landmark and no prejudice will be caused to the parties in the

event that enlargement is granted by this Court.

WHEREFORE, Defendant and Third Party Plaintiff, Landmark Building Systems,

Inc., hereby respectfully requests an enlargement of time on this Court's Scheduling

Order of November 18, 2002 in the amount of sixty (60) days.


FRANCIS X. CLARK, P.C.

DATE:


By:_____
    Francis X. Clark

    Attorneys for Defendant and
    Third Party Plaintiff,
    Landmark Building Systems, Inc.

## CERTIFICATE OF SERVICE

I, Francis X. Clark, hereby certify that I have served a true and correct copy of the

foregoing Motion upon counsel of record this date by first-class mail, postage prepaid,

addressed as follows:


David R. Moffitt, Esquire
SAUL EWING, LLP
Centre Square West, 38th Floor
1500 Market Street
Philadelphia, PA 19102
(and via fax transmission)

Charles R. Pierce, Jr., Esquire
CHARLES R. PIERCE, JR., P.C.
32 Woodbury Road
Huntington, NY 11743


Drew S. Dorfman, Esquire
FINEMAN & BACH, P.C.
1608 Walnut Street
19th Floor
Philadelphia, PA 19103

Edward Seglias, Esquire
COHEN, SEGLIAS, PALLAS,
 GREENHALL, FURMAN, P.C.
1515 Market Street
P.O. Box 59449
Philadelphia, PA 19102


DATE:                                            _____
                                                 Francis X. Clark