IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AXIS CONSTRUCTION CORP., | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 02-CV-3017 |
| LANDMARK BUILDING SYSTEMS, INC. and DOUGLAS GEORGE, | : |
| Defendants; | : |
| and | : |
| JOHN J. DELANEY, JR., ESQUIRE and FRANCIS X. CLARK, ESQUIRE, | : |
| Nominal Defendants. | : |
| LANDMARK BUILDING SYSTEMS, INC., | : |
| Third-Party Plaintiff, | : |
| v. | : |
| HUMMER EQUIPMENT CO., INC., TOWN SUPPLY COMPANY, INC. and PIONEER WINDOWS, INC., | : |
| Third-Party Defendants. | : |

**RESPONSE TO MOTION OF DEFENDANTS LANDMARK BUILDING
SYSTEMS, INC., AND DOUGLAS GEORGE FOR SUMMARY JUDGMENT**

Plaintiff Axis Construction Corp. ("Axis"), by and through its undersigned attorney, hereby responds to the motion by Landmark Building Systems, Inc. ("Landmark") and Douglas George, for summary judgment as follows:

721292.1 2/27/03

1.      Admitted that Axis is a New York corporation which was a general contractor to Plainedge Union Free School District in New York, on a public contract to provide and install modular classroom buildings ("Plainedge Project"), and that Axis purchased the classroom modules for shipment from Pennsylvania to New York.

2.      Admitted.

3.      Denied.  The sums withheld by Axis on the previous Winthrop and Yonkers Projects were on account of incomplete or unacceptable work by Landmark.  John Buongiorno Dep., at 26-28, at Tab 2 hereto.

4.      Denied.  In November 2001, Axis was current in its payments owed to Landmark pursuant to the parties' agreed-upon payment schedule and Landmark's progress in completing the Plainedge Project.  In fact, as of November 2001, Axis had <u>overpaid</u> Landmark because Landmark had falsely represented the level of completion of its work on the project, and the status of its payments to Landmark's suppliers.

5.      Admitted only that, on December 18, 2001, Axis and Landmark entered into a letter agreement (Exhibit C to the Complaint), which is a document which speaks for itself.

6.      Admitted only that Axis disbursed $160,000 promptly in connection with execution of the December 18, 2001 letter agreement; and that Axis commenced suit in Civil Action No. 02-CV-317 on January 18, 2002.  Axis commenced suit only after it learned, earlier in January 2002, that Landmark had provided Axis with fraudulent waivers of liens. The waivers of liens were fraudulent because they certified that Landmark's subcontractors had been paid in full for all work performed to date, when in fact approximately $362,000 had not

been paid by Landmark to its suppliers for windows, doors, and HVAC.  See Declaration of John Buongiorno at Tab 1 hereto.

       7.      Denied as stated.  Axis decided not to serve its complaint on Landmark so that the parties could amicably attempt to resolve their payment disputes.  When those efforts proved fruitless, Axis refiled its complaint as Civil Action No. 02-CV-3017.

       8.      Admitted.

       9.      Admitted only that Landmark has brought this summary judgment motion.  The remaining averments of paragraph 9 are denied.

       10.      Admitted.

       11.      Denied.  Axis' only contacts with Pennsylvania consist of interstate commercial transactions.  Axis purchased modular buildings manufactured by Landmark for shipment across Pennsylvania state lines and installation at locations in New York State.  See Declaration of John Buongiorno at Tab 1 hereto.  Each of Axis' subcontracts with Landmark for the Yonkers, Winthrop and Plainedge Projects were transactions in interstate commerce, and not considered "doing business" in the Commonwealth of Pennsylvania under 15 Pa. C.S. § 4141, and the federal caselaw interpreting the Commerce Clause of the United States Constitution.

       12.      The averments of paragraph 12 are conclusions of law to which no response is required.

       13.      Axis lacks sufficient information to form a belief as to the truth of Landmark's averment that it reviewed the public record for filings made with the Pennsylvania Department of State.

      14.     Denied.

      15.     Admitted.

      16.     Admitted.

      17.     Admitted.

      18.     Denied.

      19.     Denied.  Douglas George may be held personally liable for tortious acts he personally performed within the scope of his employment on behalf of his employer, Landmark.  Defendants' contention that George is insulated from liability for tortious acts in which he actively and personally participated, merely because such acts were performed in the course of his employment for Landmark, is a complete misstatement of the law of Pennsylvania.

      20.     Admitted.

      21.     Denied.

      22.     Denied.

      23.     Denied.

      24.     Admitted.

      25.     Denied.  Landmark still owes Town Supply $18,000 which has not been paid.  Accordingly, Town Supply's notice of claim to Axis' surety remains pending.  Additionally, Pioneer Windows has not been paid in full, and Pioneer's mechanics lien against the Plainedge Union Free School District remains pending as a claim against Axis' surety which has not yet been satisfied.  It is further denied that funds remaining in the escrow account are sufficient to satisfy the claim of Town Supply.  Landmark has no right to apply

such funds to its obligations to Town Supply.  Landmark ignores the conditions set forth in paragraph 8 of the December 18, 2001 Letter Agreement which must be met before disbursement of funds to Landmark.  Only if those conditions are met, would Landmark have the right to apply a disbursement to pay its outstanding obligation to Town Supply.  However, Landmark has failed to complete its contracted work for both the John West and Charles Schwarting Schools, and has further failed to provide Axis with close-out documentation as required by paragraph 8 of the letter agreement.  Rather, Axis has been forced to perform substantial work to complete the project which Landmark failed or refused to perform, and Landmark has failed to refused to provide Axis with any close-out documentation.  Accordingly, Landmark has no claim of entitlement to any funds remaining in the escrow account.  See Declaration of John Buongiorno, at Tab 1.

        26.       Admitted in part; denied in part.  Admitted only that agreements have been negotiated which provide for the disbursement of all but approximately $20,000 of the escrow funds.  The remaining averments of paragraph 26 are denied as stated.

        27.       Denied. However, Axis acknowledges that Count IV is now largely moot.

        28.       Denied.  However, Axis acknowledges that Count V is now largely moot.

        29.       Denied.  However, Axis acknowledges that Count VII is now largely moot.

        30.       Denied.

        31.       Denied as stated as set forth in Axis' answer to paragraph 25 above.

32. Denied.

33. Denied.

WHEREFORE, plaintiff Axis Construction Corp. hereby requests that this Court deny defendants' motion for summary judgment.

          Respectfully submitted,

          _____

          David R. Moffitt, Esquire
          Attorney I.D. No. 47256
          SAUL EWING LLP
          Centre Square West
          1500 Market Street, 38th Floor
          Philadelphia, PA  19102-2186
          (215) 972-7162

          *Attorney for Plaintiff*

Dated:

## **CERTIFICATE OF SERVICE**

I hereby certify that on the _____ day of _____, 2003, I caused a true and correct copy of the foregoing Plaintiff's Response to Defendants' Motion for Summary Judgment to be served via United States first class mail, postage prepaid, addressed as follow:

>Francis X. Clark, Esquire
>987 Old Eagle School Road
>Suite 705
>Wayne, PA  19087
>
>Edward Seglias, Esquire
>Cohen, Seglias, Pallas, Greenhall
> & Furman, P.C.
>1515 Market Street, 11th Floor
>Philadelphia, PA  19102

_____
David R. Moffitt

721292.1 2/27/03