IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AXIS CONSTRUCTION CORP. | : CIVIL ACTION |
|     Plaintiff | : |
|     v. | : |
| LANDMARK BUILDING SYSTEMS, | : |
| INC., et al. | : NO. 02-3017 |
|     Defendants/Third Party Plaintiffs | : |
|     v. | : |
| PIONEER WINDOWS, INC., et al. | : |
|     Third Party Defendants | : |

**O R D E R**

AND NOW, this     day of                    , 2003, upon consideration of the Motion for Sanctions of Defendant, Landmark Building Systems, Inc., to Preclude Evidence of Plaintiff's Claims for Backcharges at Trial and the response of Plaintiff, Axis Construction Corp., thereto, is hereby ORDERED and DECREED said Motion be and hereby is GRANTED and that the Plaintiff, Axis Construction Corp., shall be precluded from presenting evidence in support of its claims for backcharges against Defendant, Landmark Building Systems Inc. on which it has failed to provide documents requested by Defendant in discovery.

BY THE COURT:

_____
Berle Schiller, U.S.D.J.

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AXIS CONSTRUCTION CORP. | : CIVIL ACTION |
| Plaintiff | : |
| v. | : |
| LANDMARK BUILDING SYSTEMS, | : |
| INC., et al. | : NO. 02-3017 |
| Defendants/Third Party Plaintiffs | : |
| v. | : |
| PIONEER WINDOWS, INC., et al. | : |
| Third Party Defendants | : |

**MOTION FOR SANCTIONS DEFENDANT,
LANDMARK BUILDING SYSTEMS, INC., TO PRECLUDE EVIDENCE OF
PLAINTIFF'S CLAIMS FOR BACKCHARGES AT TRIAL**

Defendant, Landmark Building Systems, Inc. ("Landmark") hereby moves this Court for Sanctions to Preclude Evidence of the Claims for Backcharges of Plaintiff, Axis Construction Corp. ("Axis") at trial as follows:

1. Landmark was a subcontractor to Plaintiff, Axis, to manufacture and provide modular building classroom units for public school projects in New York on which on which Axis was a general contractor.

2. Disputes concerning Axis' failure to make payment for Landmark's work arose which caused the parties to enter into an Escrow Settlement Agreement on December 18, 2001 under which, $160,000.00 in overdue payments was immediately paid directly to Landmark and the full balance of $ 150,000.00 due for Landmark's modular

2

buildings was to be placed in escrow and released directly to Landmark upon the completion of various milestones under Landmark's subcontracts.

3. Axis received delivery of Landmark's modular building units immediately after that Escrow Settlement Agreement was entered into.

4. The Escrow Agreement did not call for any reservation of Axis' claims for backcharges or any reduction in the payment in full on Landmarks's subcontracts for any such claims.

5. Nevertheless, only one month later, on January 18, 2002, after it had received delivery of Landmark's buildings, Axis commenced a suit against Landmark in Civil Action No. 02-CV-317, seeking to set aside its obligations to release funds to Landmark in accordance with the Escrow Settlement Agreement based upon alleged "fraud" and breach of contract by Landmark.

6. In its Complaint, Axis has therefore sought to assert claims for damages for work it claims it performed on Landmark's behalf both prior to and after entry into the Escrow Settlement Agreement, which Agreement makes no provision for offset or payment of any claim by Axis for backcharges.

7. Axis never served its original Complaint against Landmark or gave Landmark notice that it intended to bring suit to set aside its obligations under the Settlement Escrow Agreement until after that action was dismissed by this Court for inactivity in May, 2002.

8.    Immediately thereafter, Axis commenced this Civil Action No. 02-CV-3107 alleging identical claims against Landmark to set aside the Escrow Settlement Agreement.

9.    After this suit was commenced, and various subcontractors to Landmark were joined as Third Party Defendants, this matter was referred to United States Magistrate Jacob P. Hart, in August, 2002 for settlement discussion purposes.

10.    During those settlement discussions, both Landmark and Axis' counsel indicated to Judge Hart that they wished to settle out the third party claims and proceed to an arbitration or ADR proceeding on the remaining backcharge issues between Axis and Landmark which could not be settled.

11.    Settlement discussion on the third party claims broke down on November 15, 2002, following which the matter was referred back to Judge Schiller who issued a Scheduling Order November 18, 2002 which set a deadline for discovery of December 31, 2002, the completion of pretrial submissions in January and February, 2003 and a trial date of March 24, 2003; that date for trial has since been continued to April 16, 2003.

12.    Axis did not give any indication to Landmark or to Judge Hart at the time that Order was entered that it intended to withdraw its consent to have its claims in this matter determined through an arbitration or ADR proceeding.

13.    Axis did not give notice that it would not proceed to arbitration or ADR but that it intended to take discovery and proceed to trial in this case until a conference call was held with Judge Hart on December 19, 2002.

14. No discovery had therefore been exchanged between the parties to this matter as of the date of that conference call.

15. Landmark therefore immediately filed a Motion for Leave to Extend Deadlines for Discovery and Pretrial Submissions by sixty days, which Motion was opposed by Axis and was eventually denied as moot by this Court's order of February 14, 2003.

16. On December 27 and 30, 2003 Landmark promptly served its First and Second Requests for Production of Documents and Deposition Notices after Axis withdrew from its agreement to refer this matter to arbitration or and ADR proceeding. True and correct copies of those requests for Production of Documents are attached as Exhibit "A".

17. Depositions of the representatives of Axis and Landmark were therefore held on December 31, 2002 and January 17, 2003.

18. At the time of those depositions, counsel for Landmark had Axis' representatives identify specific documents necessary to back up their claims for backcharges against Landmark and requested that those documents to be provided in accordance with Landmark's previous written discovery requests.

19. A follow up letter identifying those specific records requested to be provided was sent to Axis' counsel on January 24, 2003. A true and correct copy of that follow up request is attached hereto Exhibit "B".

20.     Axis has never objected to the production of documents requested by Landmark but has repeatedly indicated to Landmark's counsel that the requested documents "would be provided".

21.     Despite follow up letters dated, February 5, 2003 and March 3, 2003 requesting the records be provided, no documents have been produced by Axis to back up its claims against Landmark for backcharges in this matter.  True and correct copies of those follow up letters are attached as Exhibit "C".

22.     Axis has never responded to those follow up letters or Landmark's written discovery requests or provided the documents requested therein.

23.     This Court's original Scheduling Order required that all pretrial motions be filed on or before March 7, 2003.

24.     Landmark has been prejudiced by Axis' refusal to provide documents to back up its backcharges in this matter since Landmark believes that many of the charges concern work which Axis was required to perform under its own contract with the owner of the public school projects, evidence of which would be contained in Axis' own files.

25.     Axis should not be permitted to pick and choose the evidence which is offered at trial to support its claims without providing full and fair disclosure of its records concerning those claims to Landmark.

26. In view of Axis' eleventh hour demand for a trial and its opposition to Landmark's request for an enlargement of the period of discovery, Landmark has not had opportunity to bring Axis' refusal to provide discovery to the Court prior to the this date.

27. Landmark hereby certifies that it has acted in good faith in conferring or attempting to confer with Axis' attorneys to obtain the discovery requested without seeking Court action.

28. Under Rule 37(d) of the Federal Rules of Procedure, this Court holds authority to exclude evidence of Axis' backcharges on which it has failed to produce documents in response to Landmark's discovery requests, which is the appropriate sanction against a Plaintiff which has arbitrarily refused to provide evidence in its own possession which would tend to disprove its claims.

WHEREFORE, Plaintiff, Landmark Building Systems, Inc., hereby requests this Court to preclude submission by Defendant, Axis Construction Corp., in support of its backcharges on which it has failed to produce documents requested in discovery.

FRANCIS X. CLARK, P.C.

DATE:

By:_____
    Francis X. Clark

Attorneys for Defendant and
Third Party Plaintiff,
Landmark Building Systems, Inc.

## **CERTIFICATE OF SERVICE**

I, Francis X. Clark, hereby certify that I have served a true and correct copy of the foregoing Motion for Sanctions to Preclude Evidence of Plaintiff's Claims for Backcharges at Trial which has been filed electronically with the Court and is available for viewing and downloading from the ECF system, upon counsel of record this date, by first-class mail, postage prepaid, addressed as follows:

| | |
|---|---|
| David R. Moffitt, Esquire | Edward Seglias, Esquire |
| SAUL EWING, LLP | Rene D. Quinlan, Esquire |
| Centre Square West, 38th Floor | COHEN, SEGLIAS, PALLAS, |
| 1500 Market Street |   GREENHALL, FURMAN, P.C. |
| Philadelphia, PA 19102 | 1515 Market Street |
| | P.O. Box 59449 |
| | Philadelphia, PA 19102 |

DATE:                                                                  _____
                                                                              Francis X. Clark