IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AXIS CONSTRUCTION CORP. | : CIVIL ACTION |
|         Plaintiff | : |
| | : |
|     v. | : NO. 02-cv-3017 |
| | : |
| LANDMARK BUILDING SYSTEMS, INC., et al. | : |
|         Defendants | : |

**DEFENDANT, LANDMARK BUILDING SYSTEMS, INC.
REQUEST FOR PRODUCTION OF DOCUMENTS
DIRECTED TO PLAINTIFF, AXIS CONSTRUCTION CORP.**

Defendants, Landmark Building Systems, Inc. ("Landmark"), by its attorney, Francis X. Clark, P.C., hereby directs the following Request for Production of Documents to Defendants, Axis Construction Corp. ("Axis"), and hereby request it to produce copies of all documents and things as hereinafter defined within thirty (30) days after service of this request in accordance with Rule 34 of the Federal Rules of Civil Procedure, at the offices of Francis X. Clark, P.C., The Woods, Suite 705, 987 Old Eagle School Road, Wayne, Pennsylvania 19087.

As used herein the term "Document" shall include the plural and mean, without limitation, unless otherwise indicated, the original and each copy, where differing from the original by reason of notations, revisions or otherwise, of each and any writing, evidence and indebtedness, memorandum, letter, correspondence, telegram, note, minute,

1

contract, agreement, inter-office communication, bulletin, circular, procedure, pamphlet, photograph, study, notice, summary, invoice, diagram, plan, shop drawing, diary, record or note of telephone conversations, chart, schedule, entry, print, representation, record, job report, change order, construction document and any tangible item or thing of written, readable, graphic, audible (including phono-records) or visual material of any kind or character, whether hand-written, typed, xeroxed, photostated, printed, duplicated, reproduced, recorded, photocopied, microfilmed, micro carded, or transcribed by any means, and any other data compilations from which information can be obtained, translated, if necessary, by the respondent into reasonably usable form, including without limitation, each interim as well as final draft of each revision, as well as any other tangible thing which constitutes or contains matter within the scope of Rule 34 of the Federal Rules of Civil Procedure which are in the possession, custody and control of Answering Defendant.

"Landmark" shall mean Defendant in this action, Landmark Building Systems, Inc.

"Axis" and "you" and "your" shall mean Plaintiff in this action, Axis Construction Corp.

"Plainedge Schools Project" shall mean the project for construction of two modular school buildings for the Plainedge Union Free School District at issue in this matter.

"Yonkers School Project" shall mean the project for construction of a modular school building for the Yonkers, NY School district at issue in this matter.

"Winthrop Hospital Project" shall mean the project for construction of a modular building for Winthrop Hospital at issue in this matter.

## DOCUMENTS REQUESTED

1. All contract documents between Axis and the Owner of the Plainedge Schools Project, including all addenda, modifications, change orders and backcharges thereto.

2. All documents concerning schedules for completion, extensions of time, progress, timeliness and completion of work by Axis on the Plainedge Schools Project.

3. All documents which contain or relate to communications, including phone messages and e-mail, by or between Axis, the Owner of the Plainedge Schools Project and Sullivan & Nickel concerning the Project.

  4. All checks, drafts, payments, memos, credits or financial records which reflect payment from the Owner of the Plainedge Schools Project for all work performed by Axis.

  5. All documents concerning change orders and/or requests for change orders between Axis and the Owner and/or Owner's representatives for the Plainedge Schools Project.

  6. All documents concerning Axis estimate, buyouts and/or bid for the contract to perform the Plainedge Schools Project.

  7. All documents concerning Axis subcontracts or labor costs for electrical, windows, flooring, carpentry and trucking for the Plainedge Schools Project, including but not limited to, subcontract documents, correspondence, change orders, work tickets and certified payroll reports.

8. All documents concerning invoices, payment applications, schedules of value, retainage and final payment between Axis and the Owner and/or Owner's representatives concerning the Plainedge School, Yonkers Schools and Winthrop Hospital Projects.

9. All daily reports, superintendent logs, meeting minutes and progress schedules provided by or to Axis concerning construction of the Plainedge Schools Project.

10. All notices, demands, backcharges, correspondence or other documents issues by Axis which contain or relate to notice to Landmark as to correction of any subcontract work which is the subject of Axis Complaint in this matter.

11. All and any other documents concerning work tickets, certified payroll reports, invoices, statements, cost records, proof of payment and any other document concerning all costs claimed by Axis for backcharges against Landmark in this matter.

      12.    All documents concerning any outstanding liens, damages or detrimental reliance made or incurred by Axis as to any payment certification made by Landmark as averred in Axis' Complaint in this matter.

      13.    All documents concerning the performance and/or termination of Marty Chinitz, HMJ Electric Corp., R.W. Bowman Contracting Corp. and ABC Contracting Corp. as subcontractors or consultants to Axis, including but not limited to contract documents, correspondence, change orders, back charges, certified payroll reports and proof of payment by Axis.

      14.    All documents concerning any statements given by any witnesses concerning the facts at issue in this matter

      15.    Circullum vitae and expert reports by any persons to be called as an expert or to give expert opinion testimony at trial of this matter.

16. Copies of all documents which Plaintiff's counsel intends to offer as exhibits at trial of this matter.

FRANCIS X. CLARK, P.C.

DATE:                    BY:_____
                              Francis X. Clark

Attorneys for Defendant,
Landmark Building Systems, Inc.

## CERTIFICATE OF SERVICE

      I, Francis X. Clark, Attorney for Defendant, hereby certify that I have served a true and correct copy of the foregoing Request for Production of Documents Directed to Plaintiff, Axis Construction Corp., this date, by hand delivery, addressed as follows:

      David R. Moffitt, Esquire
      SAUL EWING, LLP
      Center Square West
      1500 Market Street, 38th Floor
      Philadelphia, PA 19102-2186

and by first class mail, postage prepaid, addressed as follows:

| | |
|---|---|
| Rene David Quinlan, Esquire | Charles R. Pierce, Jr., Esquire |
| COHEN, SEGLIAS, PALLAS, | CHARLES R. PIERCE, JR., P.C. |
|   GREENHALL & FURMAN | 32 Woodbury Road |
| 1515 Market Street, 11th Floor | Huntington, NY 11743 |
| Philadelphia, PA 19102 | |

DATE: _____

                                                    Francis X. Clark