IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AXIS CONSTRUCTION CORP.              : CIVIL ACTION
        Plaintiff                   :
  v.                                           :
                                     : NO. 02-CV-3017
LANDMARK BUILDING SYSTEMS,   :
INC., et al.                                  :
        Defendants              :

**O R D E R**

AND NOW, this ____ day of _____, 2003, upon consideration of the Motion of Defendant, Landmark Building Systems, Inc. for Leave to File a Reply Brief in Support of Motion for Summary Judgment, it is hereby ORDERED and DECREED said Motion be and hereby is GRANTED and that Defendant shall file its Reply Brief in the form attached to said Motion within five (5) days of this date. No further written submissions on said Motion will be accepted by the Court.

                            BY THE COURT:

                            _____
                            Berle M. Schiller, U.S.D.J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AXIS CONSTRUCTION CORP. | : CIVIL ACTION |
| Plaintiff | : |
| v. | : |
| | : NO. 02-CV-3017 |
| LANDMARK BUILDING SYSTEMS, | : |
| INC., et al. | : |
| Defendants | : |

**MOTION OF DEFENDANT,
LANDMARK BUILDING SYSTEMS, INC., FOR LEAVE TO FILE
A REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant, Landmark Building Systems, Inc. ("Landmark"), hereby requests leave of this Court to file a Reply Brief, in the form attached hereto, in Support of its Motion for Summary Judgment against the claims asserted against it by Plaintiff, Axis Construction Corp. ("Axis"), as follows:

1. Landmark was the subcontractor to Axis to provide modular building units for public school projects for various school districts located in Long Island, New York.

2. Axis is a New York general contracting company which has done over $4,320,000.00 in business with Landmark, a Pottstown, Pennsylvania modular building manufacturing company, over the last three years.

3. Axis has failed to register or obtain a certificate to authorize it to conduct business in the Commonwealth of Pennsylvania prior to commencement of this suit.

4. Axis originally commenced suit against Landmark in January, 2002, shortly after it entered an Escrow Settlement Agreement and before all of the construction work to be performed by Landmark and Axis was completed on the projects.

5. In its Complaint, Axis sued to set aside the Escrow Settlement Agreement based upon alleged "fraud", breach of contract and other equitable remedies for which it sought the return of the settlement escrow funds.

6. A great deal of the claims in Axis' Complaint are now moot and Axis is unable to demonstrate any detrimental reliance or damages arising from "fraud" in addition to remedies it has claimed against Landmark for breach of contract for backcharges for work it claims it performed on Landmark's behalf.

7. Therefore, on February 10, 2003, Landmark filed its Motion for Summary Judgment to either dismiss this suit for Axis' lack of capacity to sue or to dismiss all of Axis' claims with the exception of those for breach of its subcontract with Landmark.

8. On or about February 27, 2003, Axis filed its response to that Summary Judgment Motion asserting that it is exempt from the requirement to file for a Certificate of Authority and attempting to resurrect issues concerning "fraud" for which it is unable to identify any cognizable damages.

9. Landmark seeks the Court's permission to file a Reply Brief on the question of whether Axis is exempt from the requirements to register for a certificate of authority to do business in Pennsylvania and to refute Axis' factual allegations as to detrimental

3

reliance and damages which have been asserted in its response to said Summary Judgment Motion.

    10.    Landmark believes that granting leave for it to file the Reply Memorandum which is attached hereto will assist the Court in addressing and resolving the factual and legal issues asserted by Axis in defense to Landmark's Summary Judgment Motion.

    WHEREFORE, Plaintiff, Landmark Building Systems, Inc., hereby requests this Court to grant leave for it to file its Reply Memorandum in Support of its Motion for Summary Judgment attached hereto.

                          FRANCIS X. CLARK, P.C.

DATE:

                          By:_____
                              Francis X. Clark

                            Attorneys for Defendant and
                            Third Party Plaintiff,
                            Landmark Building Systems, Inc.

## CERTIFICATE OF SERVICE

I, Francis X. Clark, hereby certify that I have served a true and correct copy of the foregoing Motion for Leave to file a Reply Brief in Support of Motion for Summary Judgment which has been filed electronically with the Court and is available for viewing and downloading from the ECF system, upon counsel of record this date, by first-class mail, postage prepaid, addressed as follows:

David R. Moffitt, Esquire
SAUL EWING, LLP
Centre Square West, 38th Floor
1500 Market Street
Philadelphia, PA 19102

Edward Seglias, Esquire
Rene D. Quinlan, Esquire
COHEN, SEGLIAS, PALLAS,
  GREENHALL, FURMAN, P.C.
1515 Market Street
P.O. Box 59449
Philadelphia, PA 19102


DATE:

Francis X. Clark