**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AXIS CONSTRUCTION CORP. | : CIVIL ACTION |
|         Plaintiff | : |
|     v. | : |
| | : NO. 02-cv-3017 |
| LANDMARK BUILDING SYSTEMS, INC., | : |
| et al. | : |
|         Defendants | : |

**O R D E R**

AND NOW, this         day of                          , 2003, upon consideration of the Motion for Sanctions of Plaintiff, Axis Construction Corp., to Preclude Evidence or to Compel Production of Documents, and the response of Defendant, Landmark Building Systems, Inc., thereto, is hereby ORDERED and DECREED said Motion be and hereby is DENIED.

BY THE COURT:

_____
Berle M. Schiller, U.S.D.J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AXIS CONSTRUCTION CORP. | : CIVIL ACTION |
| Plaintiff | : |
| v. | : |
| | : NO. 02-cv-3017 |
| LANDMARK BUILDING SYSTEMS, INC., | : |
| et al. | : |
| Defendants | : |

**ANSWER OF DEFENDANT, LANDMARK BUILDING SYSTEMS, INC.,**
**TO MOTION OF PLAINTIFF, AXIS CONSTRUCTION CORP.,**
**FOR SANCTIONS TO PRECLUDE EVIDENCE OR TO**
**COMPEL PRODUCTION OF DOCUMENTS**

Defendant, Landmark Building Systems, Inc., hereby answers the Motion of Plaintiff, Axis Construction Corp., for Sanctions to Preclude Evidence or to Compel Production of Documents as follows:

1. It is admitted that Landmark was subcontractor to supply Axis with modular classroom units for the Plainedge Public Schools project in New York. It is denied that Landmark failed to perform its contract or that Axis is entitled to any "backcharges" for any such failure to perform on the part of Landmark.

2. Denied.

3. Admitted. It is further averred that, at the time that Scheduling Order was issued up until mid-December, Axis had led Landmark and the Court to believe that it would dismiss this case and proceed to alternative dispute resolution or arbitration on its claims against Landmark.

4. It is admitted that Axis served Notices of Depositions with Requests for Production on December 13, 2002, which was the first occasion on which it indicated that it intended to seek discovery in this case rather than proceeding to alternative dispute resolution or arbitration as it indicated to Landmark and to this Court. It is further admitted that Landmark agreed to provide certain documents which were specifically identified and requested by Axis.

5. It is denied that Landmark agreed to produce any and all documents contained in the vague and overly general categories of documents listed on Axis' deposition notice.

6. Admitted.

7. It is admitted that Landmark did not object to production of any of the specific documents requested by Axis.

8. It is denied that Axis has produced all of the documents requested by Landmark that it has even confirmed whether it will produce documents specifically identified and requested in the depositions of Axis' personnel. See letter from Landmark counsel of March 13, 2003 attached hereto as Exhibit "A". It is therefore denied that Axis has produced all of the records necessary to support its backcharges in this matter.

9. Admitted.

10. Denied as stated. On the contrary, Axis' counsel indicated it would be inconvenient for him to travel to Pottstown on March 4, 2003 as he had originally

requested, at which time he was told the documents will be made available for his inspection at his convenience at Landmark's counsel's offices.

    11.    It is denied that Landmark failed to produce documents which are within its possession and control as follows:

    a).    Landmark has no internal memoranda other than those contained in its job files which were previously produced;

    b).    Landmark has no e-mail correspondence other than that contained in its job files which were previously produced;

    c).    Landmark has agreed to provide any invoices from Pioneer Windows which are available to it;

    d).    All documents and correspondence concerning Pioneer Windows were contained in Landmark's job files which were previously produced;

    e).    All documents and correspondence concerning other subcontractors are contained in Landmark's job files which were previously produced. Landmark has agreed to provide a subcontractor payment ledger if available;

    f).    All documents concerning Landmark's subcontractors are contained in its job files which have previously been produced. Landmark has agreed to provide a subcontractor payment ledger if available;

    g).    Landmark has advised Axis that there are no documents concerning people who work for Barry Whitman;

    h).    Landmark has advised Axis that there are no documents reflecting direction to its workers on site;

    i).    Landmark has already furnished Axis with all of the back up for its counterclaim in this matter and has agreed to again provide those documents to Axis' counsel;

  j).   Landmark has advised Axis that there are no daily logs or reports for on-site workers.

12.  Denied. On the contrary, Landmark has produced all of the documentation available to it. The work for which Axis is seeking recovery is included within the scope of its own contract for the project rather than Landmark's subcontract.

13.  Denied. Landmark has not withheld any documents requested by Axis.

14.  Denied. On the contrary, the present Motion was filed only because Landmark was compelled to bring its own Motion for Sanctions because Axis continues to fail to produce all of the records identified in Axis' depositions and which were requested to be produced.

15.  It is denied that any Order precluding evidence at trial or compelling production should be entered by this Court.

WHEREFORE, Defendant, Landmark Building Systems, Inc., hereby requests that the Motion for Sanctions of Plaintiff, Axis Construction Corp., be denied.

                FRANCIS X. CLARK, P.C.

DATE:

                BY:_____
                 Francis X. Clark

                987 Old Eagle School Road, Suite 705
                Wayne, PA 19087
                610-225-2372
                Attorneys for Defendant,
                Landmark Building Systems, Inc.

## CERTIFICATE OF SERVICE

I, Francis X. Clark, hereby certify that I have served a true and correct copy of the foregoing Answer of Defendant, Landmark Building Systems, Inc. to Motion of Plaintiff, Axis Construction Corp., for Sanctions to Preclude Evidence or to Compel Production of Documents which has been filed electronically with the Court and is available for viewing and downloading from the ECF system, upon counsel of record this date, by first-class mail, postage prepaid, addressed as follows:

| | |
|---|---|
| David R. Moffitt, Esquire<br>SAUL EWING, LLP<br>Centre Square West, 38th Floor<br>1500 Market Street<br>Philadelphia, PA 19102 | Edward Seglias, Esquire<br>Rene D. Quinlan, Esquire<br>COHEN, SEGLIAS, PALLAS,<br>  GREENHALL, FURMAN, P.C.<br>1515 Market Street<br>P.O. Box 59449<br>Philadelphia, PA 19102 |

DATE:

                                                            Francis X. Clark